JIM WALTER HOMES, INC. v. WILLIE HERMAN PEARTREE

No. 752DC756

(Filed 17 March 1976)

1. Courts § 11.1— district court — authority to hear motions and enter interlocutory orders

A district court judge had authority to hear motions and enter interlocutory orders during the session over which he had been assigned to preside whether the assignment was oral or in writing. G.S. 7A-192.

2. Judgments § 25; Rules of Civil Procedure § 60— setting aside judgment — excusable neglect — illness of defendant — attorney's failure to ask for continuance

Failure of defendant's attorney immediately to appeal to the court for a continuance upon receipt of a doctor's statement that defendant was unable to appear in court on the date of the trial constituted neglect not imputable to defendant which was sufficient to support an order under Rule 60(b)(1) setting aside the judgment against defendant.

Judge VAUGHN concurring in result.

APPEAL by plaintiff from *Manning, Judge*. Judgment entered 9 June 1975 in District Court, BEAUFORT County. Heard in the Court of Appeals 19 January 1976.

Plaintiff alleged in its complaint that it had entered into a contract to build a house for defendant for $8,325. Defendant had paid $4,225 and was indebted to plaintiff for $4,100. Defendant answered, admitting that he had agreed to pay $8,325 for building a house and had paid only $4,225, but denied that he was liable for the remaining $4,100. He alleged that the house built by plaintiff was defective in numerous ways. The case was tried on 6 and 7 May 1974 and plaintiff obtained judgment

for $4,100. On 8 April 1975 defendant moved to vacate the judgment and that he be granted a new trial.

At the hearing on defendant's motion attorney Frazier T. Woolard testified in substance as follows: He represented defendant at the 1974 trial. Defendant's case was originally scheduled for trial in March 1974 and he obtained a continuance for the defendant on the ground that defendant was ill. He wrote to defendant and told him that the case had been rescheduled for Monday, May 6. On the morning of Friday, May 3, Woolard received a letter dated 1 May 1974 from Dr. Myer Shapiro in New York, stating that defendant was under medical treatment for acute lumbo-sacral sprain with sciatica and would not be able to appear in court on May 6th. Woolard did not do anything about this matter until Monday, May 6. On Monday, he moved for a continuance and the motion was denied because several of plaintiff's witnesses had traveled to North Carolina from out of state for the trial. On Monday afternoon he telephoned defendant to tell him that the case was being tried in his absence. On Tuesday afternoon, after the trial was over, defendant came into Woolard's office and appeared to be in excellent physical condition. He walked quickly and without assistance.

Defendant testified in substance as follows: In May 1974 he was living in New York and suffering from severe back trouble. He arranged for Dr. Shapiro to write and notify Woolard that he could not appear in court on May 6. On May 6 he received medical treatment in Dr. Shapiro's office. When he returned home from the doctor's office he found that Woolard had telephoned and left word that the trial was under way. He then had three of his friends and relatives drive him to North Carolina during the night of May 6 and 7. On the afternoon of May 7 he met with Woolard and at this time he was not in good physical condition; he could not even walk without assistance.

At the conclusion of the hearing the court made extensive findings of fact, summarized above, and concluded that the failure of defendant's attorney to move for a continuance after receipt of a letter from defendant's physician constituted neglect.

From the judgment vacating the judgment of 7 May 1974 and ordering a new trial, plaintiff appealed.

---

Jim Walter Homes, Inc. v. Peartree

---

*W. Faison Barnes and Anthony L. Giordano, for plaintiff appellant.*

*John H. Harmon, for defendant appellee.*

MARTIN, Judge.

Plaintiff contends the trial court erred in entering an order granting a new trial.

[1] Plaintiff argues that under G.S. 7A-192 Judge Manning had no power to rule on defendant's motion because he had not been authorized in writing to hear motions and enter interlocutory orders. G.S. 7A-192 provides, in relevant part:

> "*Any* district judge may hear motions and enter interlocutory orders in causes regularly calendared for trial or for the disposition of motions, at any *session* to which the district judge has been assigned to preside. The chief district judge and any district judge designated *by written order* or rule of the chief district judge, may *in chambers* hear motions and enter interlocutory orders in all causes pending in the district courts of the district. . . . " (Emphasis added.)

In other words, a district judge other than the chief district judge may hear motions and enter interlocutory orders during any session over which he has been assigned to preside, whether the assignment be oral or written, but he may not hear motions in chambers without written authorization.

The record shows that defendant's motion was heard "[b]efore Manning, J., June 9, 1975 Session of Beaufort County, the General Court of Justice, District Court Division," and that Judge Manning had been assigned to this session orally. The motion was not heard in chambers. Judge Manning was thus authorized to hear motions and enter interlocutory orders during the session over which he had been assigned to preside whether the assignment be oral or in writing.

Jim Walter Homes, Inc. v. Peartree

**[2]** Plaintiff contends there was no excusable neglect sufficient to grant a new trial. Rule 60(b) of the North Carolina Rules of Civil Procedure provides:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) Mistake, inadvertence, surprise, or excusable neglect;
> >
> > . . .
> >
> > (6) Any other reason justifying relief from the operation of the judgment."

Rule 60(b) has been described as " . . . a grand reservoir of equitable power to do justice in a particular case. . . . " 7 Moore's Federal Practice, ¶ 60.27[2], at 375. The North Carolina Supreme Court has stated that its "broad language . . . 'gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice.' " *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E. 2d 446 (1971).

It is our opinion, and we so hold, that there is plenary competent evidence to support the findings of fact, which in turn support the conclusion that the failure of attorney Woolard to appeal to the court for a continuance upon receipt of the statement of Dr. Shapiro constituted neglect on the part of said attorney which is not imputable to the defendant, and that defendant had a meritorious defense. The judgment appealed from is

Affirmed.

Judge CLARK concurs.

Judge VAUGHN concurs in the result.

Judge VAUGHN concurring.

I concur in the result of this opinion. Although there was some testimony from which the judge could have concluded that defendant's failure to appear at trial was excusable, there is not a scintilla of evidence to indicate that his counsel, Mr. Woolard, neglected the case. Instead, it affirmatively appears from the record that Mr. Woolard went to great lengths to protect a procrastinating client.