TERESA DEBRA DANNA v. BRUCE R. DANNA

BRUCE R. DANNA v. TERESA DEBRA DANNA

No. 8712DC509

(Filed 16 February 1988)

1. Divorce and Alimony § 23.6— child custody—plaintiff's misconduct in removing child from Florida—refusal of North Carolina court to take jurisdiction

The trial court properly declined to assume jurisdiction over a child custody dispute pursuant to N.C.G.S. § 50A-8 based on plaintiff's misconduct in removing her children from Florida without the prior written consent of defendant or court approval; moreover, the court was not required to assume jurisdiction on "emergency" grounds pursuant to N.C.G.S. § 50A-3(3) based on defendant's alleged abuse of plaintiff and the children, since the trial court had before it no evidence, other than plaintiff's bare allegations, that defendant posed a threat to the children, and the Florida court, which was exercising jurisdiction at the time, was as capable of resolving the abuse issue and protecting the children as the North Carolina court.

2. Divorce and Alimony § 23.6— child custody—plaintiff's claims of domestic violence—court's refusal to assume jurisdiction proper

The trial judge, having properly declined to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act, did not err by failing to address plaintiff's claims of domestic violence under N.C.G.S. Chap. 50B, since that chapter is not designed to establish alternative grounds for jurisdiction over custody disputes apart from those set forth in Chapter 50A.

APPEAL by plaintiff, Teresa Debra Danna, from *Lacy H. Hair, Judge*, interlocutory order entered 26 January 1987; and from *Sol*

*G. Cherry,* Final Order entered 27 February 1987 and Order denying Rule 60(b) Motion entered 23 March 1987 in District Court, CUMBERLAND County. Heard in the Court of Appeals 7 December 1987.

*David H. Rogers for plaintiff-appellant.*

*Nance, Collier, Herndon, Guthrie & Jenkins, by Joel S. Jenkins, Jr. for defendant-appellee.*

BECTON, Judge.

In this interstate child custody dispute, the dispositive issue on appeal is whether, pursuant to North Carolina's Uniform Child Custody Jurisdiction Act (UCCJA), N.C. Gen. Stat. Sec. 50A-1, *et seq.* (1984 and Cum. Supp. 1987), the Cumberland County District Court of North Carolina properly declined to exercise jurisdiction to modify a Florida custody decree. We hold that the refusal to assume jurisdiction was not error, and therefore we affirm the decision of the District Court.

I

The marriage of Teresa Debra Danna and Bruce R. Danna was dissolved by a 16 March 1983 judgment of the Circuit Court for the 17th Judicial District in Broward County, Florida. The Florida divorce decree directed the parties to exercise "Shared Parental Responsibility" for their two minor children, pursuant to Florida Stat. Sec. 61.13 (1981) with primary physical custody awarded to the mother, subject to reasonable visitation rights of the father. The judgment also incorporated, in its entirety, a separation agreement between the parties, which, in part, prohibited Mrs. Danna from removing the children from the State of Florida without either the prior written consent of Mr. Danna or court approval.

In January 1985, Mrs. Danna, without the prior approval of the Florida court or the written consent of Mr. Danna, relocated from Florida to North Carolina with her children. Mr. Danna apparently orally agreed or acquiesced to a temporary move to extend as long as two years.

At some point a dispute arose between the parties concerning the father's exercise of visitation rights, and on 22 August

1986, Mr. Danna filed a motion in the Florida court, seeking temporary custody, or in the alternative, the return of the children to Florida. Mrs. Danna responded by filing a complaint in Cumberland County District Court on 17 September 1986 (Case No. 86CVD4577) by which she sought to have the North Carolina Court assert jurisdiction over the matter, enjoin the removal of the children from North Carolina, and affirm her primary physical custody of them.

What followed was a series of proceedings in the courts of Florida and North Carolina during which Mr. Danna besought the Florida court to award primary physical custody to him, the Florida court refused Mrs. Danna's request that it relinquish jurisdiction in favor of North Carolina, and the North Carolina court declined to assert jurisdiction. Specifically, on 29 January 1987, District Court Judge Lacy H. Hair entered an order which, although denying a motion of Mr. Danna to dismiss Mrs. Danna's action for lack of jurisdiction, ordered that any further proceedings in North Carolina were stayed "in favor of the pending proceedings in the State of Florida."

Although Mrs. Danna had participated in the Florida proceedings initially, she participated in them no further following the Florida court's refusal to transfer the matter to North Carolina's jurisdiction. On 6 February 1987, she amended her complaint to allege acts of physical and verbal abuse by Mr. Danna against herself and the children. She further alleged that she and the children were in immediate danger of further such acts entitling her to emergency relief from domestic violence pursuant to Chapter 50B of the North Carolina General Statutes. Her prayer for relief was amended to include requests that the court lift the 29 January stay and deny Mr. Danna visitation until the Court determined that he was unlikely to further abuse her or the children.

Thereafter, on 10 February 1987, following a hearing at which Mrs. Danna chose not to appear, the Florida Court awarded primary physical custody of the children to their father. The following day, Mr. Danna came to North Carolina armed with the Florida decree, instituted an action to enforce the Florida order (Case No. 87CVD732), and obtained an *ex parte* order from

District Court Judge Sol G. Cherry awarding him immediate custody.

Finally, on 16 February 1987, Judge Cherry held a combined hearing on both Mrs. Danna's action to modify the initial Florida decree, and Mr. Danna's motion to enforce the 10 February Florida decree; and on 27 February 1987, he entered a final order dismissing Mrs. Danna's action for lack of jurisdiction and according full faith and credit to the 10 February Florida decree which awarded primary custody to Mr. Danna. Thereafter, Mrs. Danna filed a Rule 60(b) motion to vacate the final order, which was denied by order of Judge Cherry entered 23 March 1987.

Mrs. Danna now appeals to this Court from (1) the 29 January 1987 stay entered by Judge Hair, (2) the 27 February 1987 final judgment declining jurisdiction, and (3) the 23 March 1987 denial of her Rule 60(b) motion.

## II

At the outset, we decline to address the propriety of the 29 January 1987 stay ordered by Judge Hair since Mrs. Danna has no right of appeal from that interlocutory order. Moreover, we are not persuaded that Judge Hair's action in staying the North Carolina proceedings in favor of Florida adversely affected the ultimate outcome of this case; and, in view of our resolution of the jurisdictional issues discussed hereafter, we conclude the issues arising from that order have been rendered moot by the entry of Judge Cherry's final order.

## III

We first consider whether Judge Cherry erred in his 11 February 1987 order by declining to assume jurisdiction over the custody dispute. In that order, the judge made findings of fact and conclusions of law. Four of the conclusions of law, to which Mrs. Danna excepts, indicate that jurisdiction was declined because (1) Florida had retained jurisdiction over the custody issue, (2) North Carolina lacked jurisdiction to modify the Florida decree under N.C. Gen. Stat. Sec. 50A-14, (3) simultaneous proceedings in Florida barred the assumption of jurisdiction pursuant to N.C. Gen. Stat. Sec. 50A-6, and (4) Mrs. Danna's conduct in violating the Florida decree justified declining jurisdiction pursuant to N.C. Gen. Stat. Sec. 50A-8. If any one of these conclu-

sions constitutes a proper basis for the trial court's dismissal of Mrs. Danna's claims, we must uphold the court's decision.

[1]   For reasons we need not discuss here, we conclude that the first three conclusions of law are unsupported by adequate findings of fact and thus do not justify the dismissal. However, in our opinion, the court's decision to decline jurisdiction must be upheld on the basis of N.C. Gen. Stat. Sec. 50A-8. That provision operates, in certain situations, to either require or allow a North Carolina court, which otherwise has jurisdiction under some other section of the UCCJA, to decline to exercise its jurisdiction due to misconduct of the petitioner. Specifically, if the petitioner wrongfully withheld a child from the person entitled to custody, Section 50A-8(b) *prohibited* the court from exercising its jurisdiction to modify the custody decree of another state, unless the court concludes such exercise is required in the interest of the child. On the other hand, if the petitioner has violated any other provision of a custody decree of another state, Section 50A-8(b) provides that the court, in its discretion, *"may* decline to exercise its jurisdiction if this is just and proper under the circumstances."

In the present case, the trial court found as facts (1) that the Florida decree of 16 March 1983 required Mrs. Danna to obtain the prior written consent of Mr. Danna or court approval in order to remove the children from the State of Florida, (2) that Mrs. Danna had removed the children from Florida without the permission of Mr. Danna or the Florida court, (3) that Mrs. Danna remained outside the State of Florida and informed Mr. Danna that she did not intend to return, and (4) that in remaining and keeping the children outside of Florida, Mrs. Danna violated the 16 March 1983 Florida judgment. These facts are supported by evidence in the record.

However, Mrs. Danna seems to suggest in her brief that, because she alleged abuse by Mr. Danna as a basis for the assumption of jurisdiction on "emergency" grounds, pursuant to N.C. Gen. Stat. Sec. 50A-3(3), it was in some way unjust or improper under the circumstances for the court to decline jurisdiction because of her violation of the Florida decree. If in fact the record clearly demonstrated that North Carolina had jurisdiction to modify the other state's decree under N.C. Gen. Stat. Sec. 50A-14, and there was evidence of abuse before the court, we

might be inclined to agree. However, the record does not show that the trial judge had before him any evidence, other than Mrs. Danna's bare allegations, that Mr. Danna posed a threat to the children. Moreover, the Florida court was, at the relevant time, exercising jurisdiction over the dispute and was, presumably, as capable of resolving the abuse issue and protecting the children as the North Carolina court. Under these circumstances, we conclude the trial judge did not abuse his discretion in declining to exercise jurisdiction.

[2]  We also reject the contention of Mrs. Danna that the trial court was required to consider her claims of domestic violence under Chapter 50B irrespective of its rulings on jurisdiction under Chapter 50A. Chapter 50B "authorizes the district courts to enter such temporary orders as may be necessary to protect a spouse or a minor child from domestic violence." *Story v. Story*, 57 N.C. App. 509, 514, 291 S.E. 2d 923, 926 (1982). Among the types of relief available under Chapter 50B are orders awarding temporary custody of minor children and establishing temporary visitation rights. However, the Act is not designed to establish alternative grounds for jurisdiction over custody disputes apart from those set forth in Chapter 50A. In our view, whenever the relief sought under Chapter 50B is a determination of custody or visitation rights, the existence of subject matter jurisdiction over the action is governed by the UCCJA just as it is in any other custody dispute. Therefore, we hold that the trial judge, having properly declined to exercise jurisdiction under the UCCJA, did not err by failing to address Mrs. Danna's Chapter 50B claims.

IV

Finally, we consider whether the trial judge erred by denying Mrs. Danna's motion to vacate the 27 February 1987 final order made pursuant to Rule 60(b)(2) and (6) of the North Carolina Rules of Civil Procedure.

First, Mrs. Danna offered, as evidence that the Florida court acquiesced in her residence in North Carolina, copies of a Florida court order dated 12 December 1986 and a 10 November 1986 "Report of the General Master" incorporated therein, in which the court expressly declined to order Mrs. Danna to return the children to Florida at that time. However, these documents do not specifically address the question whether Mrs. Danna had

violated the 16 March 1983 custody order, and we thus conclude that their production did not require the District Court judge to vacate his previous ruling.

Second, Mrs. Danna offered affidavits of several persons and other documents with which she attempted to bolster her claims of violence and abuse by Mr. Danna. Nothing in these materials constitutes proof that Mr. Danna actually abused the children, and, in any event, proof of abuse alone would not necessitate asserting jurisdiction since these claims could have been presented in the Florida court.

A Rule 60(b) motion "is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532, 541 (1975). Having carefully reviewed the documents submitted by Mrs. Danna in support of her motion, we find nothing therein which convinces us the trial judge abused his discretion by refusing to vacate the 27 February order.

Mrs. Danna's challenge to the denial of her 60(b) motion is overruled.

V

For the foregoing reasons, the orders appealed from are

Affirmed.

Judges HEDRICK and GREENE concur.