McKINLEY BUILDING CORPORATION, PLAINTIFF v. DANNY ALVIS, INDIVIDUALLY AND DANNY ALVIS, D/B/A, BATTLECAT CONCRETE, DEFENDANTS

No. COA06-1254

(Filed 5 June 2007)

**1. Appeal and Error— rules violations—standard of review not defined—no citations—appeal not dismissed**

The Court of Appeals did not dismiss an appeal for multiple violations of the appellate rules, finding it appropriate instead to charge the attorney with printing costs as a sanction under Appellate Rule 34.

**2. Judgments— motion to set aside—attorney withdrawing— not excusable neglect**

The trial court did not abuse its discretion by not setting aside a judgment where defendant's attorney withdrew, defendant elected to proceed pro se for a time, defendant attempted to retain the attorney once again, and, after a continuance, neither defendant nor the attorney appeared at the hearing at which summary judgment was granted. Any alleged neglect during the time defendant proceeded pro se (such as failing to respond to admissions) was directly attributable to him, and it is reasonable to conclude that defendant did not subsequently diligently confer with the attorney.

**3. Appeal and Error— preservation of issues—Servicemembers Civil Relief Act—failure to raise at trial**

Defendant did not preserve for appeal any issue concerning the Servicemembers Civil Relief Act that was not presented at trial.

Judge HUNTER concurring.

Judge TYSON dissenting.

Appeal by defendants from orders entered 22 September 2005 and 23 March 2006 by Judge Richard Russell Davis in New Hanover County District Court. Heard in the Court of Appeals 28 March 2007.

*Yow, Fox & Mannen, LLP, by Jerry A. Mannen, Jr., for plaintiff-appellee.*

*Crossley, McIntosh, Prior & Collier, by Andrew J. Hanley, for defendants-appellants.*

## McKINLEY BLDG. CORP. v. ALVIS

[183 N.C. App. 500 (2007)]

JACKSON, Judge.

On 20 July 2004, McKinley Building Corporation ("plaintiff") filed a complaint against Danny Alvis individually ("defendant Alvis") and Danny Alvis d/b/a Battlecat Concrete (collectively, "defendants") for defective construction. Specifically, plaintiff contended that defendants performed defective work as the subcontractor responsible for placing and finishing concrete footings and slabs at the Mayfair Town Center in Wilmington, North Carolina. Plaintiff further alleged that he was forced to hire another subcontractor at $60,950.00 to bring defendants' work into compliance with the specifications of the contract between plaintiff and defendants.

The parties arbitrated their dispute on 26 January 2005, and the arbitrator awarded no compensation to plaintiff. On 24 February 2005, plaintiff filed a request for trial *de novo*. On 14 April 2005, plaintiff served defendants requests for admissions, and after receiving no response, plaintiff filed a motion for summary judgment on 1 July 2005. Defendants moved for a continuance and the summary judgment hearing was continued to 19 September 2005. On 23 September 2005, the trial court granted plaintiff's motion for summary judgment in the amount of $59,343.91, with interest from the date of filing, along with $8,901.58 in attorneys' fees and costs.

On 15 December 2005, defendants filed a motion to stay execution and for relief from the judgment pursuant to Rule 60(b). On 23 March 2006, the trial court denied defendants' Rule 60 motion, and on 21 April 2006, defendants filed notice of appeal to this Court.

[1] As a preliminary matter, we note that defendants' brief fails to comport fully with the North Carolina Rules of Appellate Procedure.

First, pursuant to Rule 28(b)(4), an appellant's brief is required to contain a statement of the grounds for appellate review, which in turn "shall include citation of the statute or statutes permitting appellate review." N.C. R. App. P. 28(b)(4) (2006). Defendants, however, simply make the conclusory statement that they "appeal[] as a right from a [j]udgment of the lower court" without providing reference to any statute permitting such appellate review.

Defendants also make the bald assertion that "[t]he [t]rial [c]ourt abused its discretion in failing to set aside the [j]udgment entered by the [c]ourt on September 22, 2005." Rule 28(b)(6) provides that "[t]he statement of the applicable standard(s) of review shall contain *citations of the authorities upon which the appellant relies*." N.C. R.

App. P. 28(b)(6) (2006) (emphasis added). Defendants, however, have failed to define the "abuse of discretion" standard and have failed to provide citations to legal authority supporting their proposed standard of review.

Additionally, defendants' lone assignment of error violates Rule 10(c), which requires assignments of error to "direct[] the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references*." N.C. R. App. P. 10(c)(1) (2006) (emphasis added). Similarly, pursuant to Rule 28(b)(6), "[i]mmediately following each question [presented in the brief] shall be a reference to the assignments of error pertinent to the question, *identified by their numbers and by the pages at which they appear in the printed record on appeal*." N.C. R. App. P. 28(b)(6) (2006) (emphasis added). Defendants' assignment of error, both in the record on appeal and as presented in their brief, fails to provide this Court with specific record and transcript references as required by the Rules of Appellate Procedure.

"It is well settled that the Rules of Appellate Procedure 'are mandatory and not directory.' " *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (quoting *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005)). We believe, however, that the violations in the instant case are not sufficiently egregious to warrant dismissal. *See Caldwell v. Branch*, 181 N.C. App. 107, 110-11, 638 S.E.2d 552, 555 (2007). Thus, we choose to order defendants' counsel to pay the printing costs of this appeal pursuant to Rule 34(b) of the North Carolina Rules of Appellate Procedure. *See id.*; *see also Hart*, 361 N.C. at 311, 644 S.E.2d at 202 (holding that "every violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure."). We therefore respectfully instruct the Clerk of this Court to enter an order accordingly.

The dissent argues that this appeal should be dismissed based upon defendants' numerous Rules violations. However, we believe that the Supreme Court's recent decision in *State v. Hart* mandates a closer look at this Court's recent practice of dismissing numerous appeals. *See Jones v. Harrelson & Smith Contr'rs., LLC*, 180 N.C. App. 478, 484-85, 638 S.E.2d 222, 227-30 (2006) (dismissing appeal for failure to argue or present authority in support of two assignments of error and failure to state a legal basis or set forth record pages in support of the remainder); *Stann v. Levine*, 180 N.C. App. 1, 3-4, 636 S.E.2d 214, 215-22 (2006) (dismissing appeal for numerous Appellate

Rule violations); *State v. Summers*, 177 N.C. App. 691, 699, 629 S.E.2d 902, 908 (2006) (dismissing defendant's assignment of error for failure to include a statement of the applicable standard of review), *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006). *Cf. State v. Lockhart*, 181 N.C. App. 316, 319, 639 S.E.2d 5, 7 (2007) (requiring defendant's counsel to personally pay the printing costs of the appeal for failure to include the standard of review and failure to double-space the brief), *disc. rev. denied*, 361 N.C. 365, 644 S.E.2d 556 (2007); *Caldwell*, 181 N.C. App. at 111, 638 S.E.2d at 555 (taxing printing costs against defendant's counsel as single Appellate Rule violation was not substantial); *Seay v. Wal-Mart Stores, Inc.*, 180 N.C. App. 432, 434, 637 S.E.2d 299, 301 (2006) (invoking Rule 2 and noting that "[p]laintiff's rule violations, while serious, are not so egregious as to warrant dismissal of the appeal."). In fact, *Hart* explicitly states that dismissal is only one possible sanction for a violation of the Appellate Rules. *Hart*, 361 N.C. at 311, 644 S.E.2d at 202. Because of the Supreme Court's language disavowing this Court's interpretation that "*Steingress*, *Viar* and *Munn* require dismissal in every case in which there is a violation of the Rules of Appellate Procedure," *id.* at 313, 644 S.E.2d at 203, we believe that it is appropriate to apply sanctions pursuant to Rule 34(b), rather than dismissing defendants' appeal in the instant case. To do so would be a step backward rather than the step forward that *Hart* asks us to take in applying the full range of sanctions available under the Appellate Rules rather than summarily dismissing many appeals.

Although *Hart* cautions us that "Rule 2 must be applied cautiously," *id.* at 315, 644 S.E.2d at 205, and therefore its application inherently is limited, *Hart* suggests no similar limitation on the application of Rules 25 and 34, and we see no reason to engraft any limitation beyond the language contained within the Rules at this time. Under *Hart*, clearly, it is appropriate to apply the other sanctions envisioned by these Rules liberally and to allow appeals to proceed.

**[2]** On appeal, defendants contend that the trial court abused its discretion in failing to set aside the trial court's summary judgment entered 22 September 2005. We disagree.

Pursuant to Rule 60 of the North Carolina Rules of Civil Procedure,

[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60 (2005). As this Court has noted, Rule 60(b) functions as "a grand reservoir of equitable power to do justice in a particular case." *Jim Walter Homes, Inc. v. Peartree*, 28 N.C. App. 709, 712, 222 S.E.2d 706, 708 (1976) (citation and quotation marks omitted).

It is well-established that "[a] Rule 60(b) motion 'is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion.' " *Danna v. Danna*, 88 N.C. App. 680, 686, 364 S.E.2d 694, 698 (quoting *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975)), *disc. rev. denied*, 322 N.C. 479, 370 S.E.2d 221 (1988). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are 'manifestly unsupported by reason.' " *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)). Furthermore, the trial court's findings " 'are conclusive if there is any evidence on which to base such finding of fact. Whether the facts found constitute excusable neglect or not is a matter of law and reviewable upon appeal.' " *Doxol Gas of Angier, Inc. v. Barefoot*, 10 N.C. App. 703, 704, 179 S.E.2d 890, 891 (1971) (quoting *Jones-Onslow Land Co. v. Wooten*, 177 N.C. 248, 250, 98 S.E. 706, 707 (1919)); *see also JMM Plumbing & Utils., Inc. v. Basnight Constr. Co., Inc.*, 169 N.C. App. 199, 202, 609 S.E.2d 487, 490 (2005) ("Whether neglect is 'excusable' or 'inexcusable' is a question of law which depends upon what, under all the

surrounding circumstances, may be reasonably expected of a party to litigation. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion." (internal citations and quotation marks omitted)).

In the case *sub judice*, defendants premised their Rule 60(b) motion on "[m]istake, inadvertence or excusable neglect," pursuant to Rule 60(b)(1), and "the failure of [defendants]' attorney [Kathryn Fagan, or "Fagan"] to file an Answer and her actions in leaving the County after telling [defendants] that she was handling the case," pursuant to Rule 60(b)(6). The trial court, however, found as fact the following:

> that on October 18, 2004, the Court granted then counsel for the defendant Kathryn Fagan's Motion to Withdraw; that on July 6, 2005 defendant filed his own Motion to Continue the hearing of plaintiff's Motion for Summary Judgment and requested the hearing be heard on September 19, 2005 which Motion was allowed; that the plaintiff's Motion for Summary Judgment was set for September 19, 2005 and it was not until sometime around August 26, 2005 that defendant attempted to retain Kathryn Fagan again; that prior to August 26, 2005 defendant was acting as his own counsel; that on September 17, 2005 Kathryn Fagan sent to the Court a Motion requesting a continuance of the Summary Judgment Motion set for September 19, 2005; that the Motion for Continuance was denied by the Court at the September 19, 2005 Session of Court; that neither defendant nor Kathryn Fagan appeared at the September 19, 2005 session of Court . . . .

Accordingly, the trial court concluded that "while there may have been neglect on Kathryn Fagan's part[,] it does not appear that defendant's neglect in this matter can be blamed solely on her nor does it amount to excusable neglect under the facts and circumstances."

Upon reviewing the record, we hold that there exists competent evidence to support the trial court's findings. On 18 October 2004, the trial court denied defendants' Rule 12(b)(6) motion to dismiss, and the following day, the trial court granted defendants' attorney's motion to withdraw. The trial court specifically provided that Kathryn Fagan was "relieved of any further responsibility" in the case. Thereafter, defendants chose to proceed *pro se* until, as the trial court found, they apparently attempted to retain Fagan once again on or

about 26 August 2005.[1] Thus, any alleged neglect during this time was directly attributable to defendants and not their attorney. During the time defendants elected to proceed *pro se*, defendants failed to respond to plaintiff's requests for admissions on 14 April 2005, and as a result, those matters were deemed admitted. Plaintiffs filed a motion for summary judgment on 1 July 2005, yet defendants neither responded to the motion nor attempted to retain replacement counsel. Defendants filed a *pro se* motion to continue on 7 July 2005 on the grounds that defendant Alvis would be out of the state until 24 July 2005, and the trial court rescheduled the hearing for 19 September 2005. On 17 September 2005, defendants once again attempted to continue the hearing, and the trial court denied the motion. Neither defendants nor Fagan appeared at the summary judgment hearing on 19 September 2005, and on 23 September 2005, the trial court granted plaintiff's motion for summary judgment.

From 19 October 2004 until 26 August 2005, defendants chose to proceed *pro se*. As this Court has noted, "[w]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case. However, . . . the failure of a party to obtain an attorney does not constitute excusable neglect." *Scoggins v. Jacobs*, 169 N.C. App. 411, 415, 610 S.E.2d 428, 432 (2005) (internal quotation marks and citations omitted). Defendants are responsible for the fail- ure to respond to the requests for admissions, and we cannot find that such conduct constitutes "excusable neglect."

Furthermore, with respect to defendants' contention that Fagan's failure to appear at the 19 September 2005 hearing constitutes excusable neglect, this Court has stated that

> [w]here a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant. *If, however, the defendant turns a legal matter over to an attorney upon the latter's assurance that*

---

1. Fagan filed a motion to continue on 17 September 2005 only because defendant Alvis had been unsuccessful in personally filing the motion and would be unable to do so prior to the date set for the hearing. Nowhere in the record does it state that Fagan had been retained, and, indeed, in her correspondence with the New Hanover District Court, Fagan only promised "a limited appearance" if the continuance was denied as she already was committed to represent clients in Currituck County Superior Court on 19 September 2005—the date scheduled for defendants' summary judgment hearing.

McKINLEY BLDG. CORP. v. ALVIS

[183 N.C. App. 500 (2007)]

*he will handle the .matter, and then the defendant does nothing further about it, such neglect will be inexcusable.*

*Kirby v. Asheville Contracting Co., Inc.*, 11 N.C. App. 128, 131-32, 180 S.E.2d 407, 410 (emphasis added) (internal quotation marks and citations omitted), *cert. denied*, 278 N.C. 701, 181 S.E.2d 602 (1971). In the record on appeal, there are no emails, faxes, letters, or other communications from defendant Alvis to Fagan nor are there any documents demonstrating that defendant Alvis diligently conferred with Fagan. Indeed, the only correspondence in the record between defendant Alvis and Fagan is an email *from Fagan* to defendant Alvis dated 23 August 2005, in which Fagan states that she will prepare an affidavit and handle the motion for summary judgment. In the email, Fagan states, "Please, please let me know if you receive this with the attachment!!!" The record is devoid of any response to Fagan's request. When Fagan ultimately filed the 17 September 2005 motion for continuance, she purportedly did so solely "at Mr. Alvis' request" and only promised "a limited appearance" should the continuance be denied. Although Fagan did not appear at the hearing, defendants made no attempt to follow up with Fagan or the trial court with respect to the hearing. The trial court held the matter open for several days after the hearing. The trial court then granted plaintiff's motion for summary judgment, signing the order on 22 September 2005 and filing the order the following day. Thereafter, defendants waited nearly three more months before requesting relief from the summary judgment. In sum, it is reasonable to conclude that defendant Alvis did not diligently confer with Fagan with respect to his case, and thus, defendant Alvis cannot demonstrate excusable neglect.

[3] Additionally, although defendants requested relief from the judgment on the grounds of "[m]istake, inadvertence or excusable neglect" as well as "the failure of [defendants]' attorney to file an Answer and her actions in leaving the County after telling [defendants] that she was handling the case," defendants now argue that the trial court should have set aside the judgment pursuant to the federal Servicemembers Civil Relief Act, 50 U.S.C. app. § 501 *et seq.* Pursuant to the Act,

[i]f a servicemember, in the opinion of the court, is materially affected by reason of military service in complying with a court judgment or order, the court may on its own motion and shall on application by the servicemember—

(1) stay the execution of any judgment or order entered against the servicemember; and

(2) vacate or stay an attachment or garnishment of property, money, or debts in the possession of the servicemember or a third party, whether before or after judgment.

50 U.S.C. app. § 524(a). Specifically, defendants contend that defendant Alvis' active duty military service from 2 July 2005 until 12 September 2005 precluded him from adequately preparing for the summary judgment hearing. Defendants, however, did not present any argument respecting the Servicemembers Civil Relief Act to the trial court, and thus, this issue has not been preserved for our review. *See* N.C. R. App. P. 10(b) (2006) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . .").

In sum, the trial court properly found defendant's neglect inexcusable and that Fagan's negligence, if any, is imputed to defendants. " '[I]n the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial.' " *Scoggins*, 169 N.C. App. at 413, 610 S.E.2d at 431 (quoting *Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d 571, 574 (1979)). "We, therefore, need not address defendant[s'] argument in this regard." *Estate of Teel by Naddeo v. Darby*, 129 N.C. App. 604, 611, 500 S.E.2d 759, 764 (1998). Accordingly, the trial court did not abuse its discretion in denying defendants' Rule 60(b) motion for relief from the judgment, and defendants' lone assignment of error is overruled.

Affirmed.

Judge HUNTER concurs in a separate opinion.

Judge TYSON dissents in a separate opinion.

HUNTER, Judge, concurring.

I concur entirely with the majority opinion. I write separately only to reiterate my support for this Court's use, in cases such as this, of Rules 25 and 34 for the reasons set out in my dissent in *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 183 N.C. App. 389, 645 S.E.2d 212 (2007), *reversed and remanded,* 362 N.C. 191, 657 S.E.2d 361 (2008).

TYSON, Judge dissenting.

The majority's opinion acknowledges defendants' numerous appellate rule violations, but concludes the appropriate sanction is to simply order defendants' counsel to pay the cost of printing this appeal. Based upon the numerous and egregious violations of the North Carolina Rules of Appellate Procedure, defendants' appeal should be dismissed. Defendants presented no basis and the record does not show any reason to suspend the appellate rules, invoke Appellate Rule 2, and reach the merits of defendants' appeal. I respectfully dissent.

### I. Appellate Rule Violations

"The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.'" *Viar v. N.C. DOT*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). Our Supreme Court stated:

> It is not the role of the appellate courts . . . to create an appeal for an appellant. As this case illustrates, *the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule.*

*Id.* at 402, 610 S.E.2d at 361 (emphasis supplied). Fairness and uniformity demanded and require all appellants and appellees to be treated equally and for the appellate rules to be applied consistently. Otherwise, this Court's application of the appellate rules becomes an *ad hoc* case-by-case determination, where neither party nor future parties can anticipate and rely on equal treatment of their appeal. Defendants' numerous appellate rule violations "subject [its] appeal to dismissal." *Viar*, 359 N.C. at 401, 610 S.E.2d at 360 (internal quotation omitted).

### A. Defendants' Assignment of Error Lacks Clear and Specific Record or Transcript References

Defendants' lone assignment of error fails to reference the record or transcripts in violation of Rule 10 of the North Carolina Rules of Appellate Procedure. Appellate Rule 10 provides, "An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references.*" N.C.R. App. P. 10(c)(1) (2007) (emphasis supplied). This Court has stated:

An assignment of error violates Appellate Rule 10(c)(1) if it does not: (1) state "without argumentation;" (2) specify the "legal basis upon which error is assigned;" and (3) "direct the attention of the appellate court to the particular error about which the question is made, with clear and specific transcript references."

*Jones v. Harrelson & Smith Contrs., LLC*, 180 N.C. App. 478, 485-86, 638 S.E.2d 222, 228 (2006) (quoting *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 10-11 (1994)). "The North Carolina Rules of Appellate Procedure are mandatory" and it is the duty of the appellate court to enforce them uniformly. *Viar*, 359 N.C. at 402, 610 S.E.2d at 361; *see also Pruitt v. Wood*, 199 N.C. 788, 789, 156 S.E. 126, 127 (1930) ("We have held in a number of cases that the rules of this Court governing appeals are mandatory and not directory.").

Here, defendants' assignment of error fails to contain any "clear and specific record or transcript references." N.C.R. App. P. 10(c)(1). Defendants' assignment of error solely states, "The Trial Court erred in failure to set aside the Summary Judgment."

Defendants' failure to provide record or transcript references in their assignment of error warrants dismissal of the appeal. *See Munn v. N.C. State Univ.*, 173 N.C. App. 144, 151, 617 S.E.2d 335, 339 (2005) (Jackson, J., dissenting) (When the appellant "makes no attempt to direct the attention of this Court to any portion of the record on appeal or to the transcript with any references thereto[] . . . his appeal must be dismissed for failure to follow our mandatory Rules of Appellate Procedure."), *rev'd per curiam*, 360 N.C. 353, 626 S.E.2d 270 (2006); *see Jones*, 180 N.C. App. at 484-85, 638 S.E.2d at 228-29 (Dismissing assignments of error in part for failure to include specific record or transcript pages with assignments of error.); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 183 N.C. App. ——, ——, —— S.E.2d ——, —— (2007) (Dismissing appeal in part for failure to include specific record or transcript pages with assignments of error.).

### B. Failure to Refer to the Assignment of Error in Defendants' Brief

In the argument section of defendants' brief, defendants stated a question presented but failed to reference this Court to any assignment of error pertinent to that question. Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure provides, in relevant part, that an appellate brief "*shall contain*":

An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. *Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.*

N.C.R. App. P. 28(b)(6) (2007) (emphasis supplied).

In *Hines v. Arnold*, this Court dismissed the appellant's appeal in part for failure "to reference in her brief the assignment of error supporting the argument." 103 N.C. App. 31, 37-38, 404 S.E.2d 179, 183 (1991). Also, in *Holland v. Heavner*, this Court also dismissed an appeal in part because appellant "failed to indicate the assignment of error relevant to each argument, and failed to identify any assignment of error by its number or the page where it appears in the record." 164 N.C. App. 218, 222, 595 S.E.2d 224, 227 (2004). Defendants' failure to reference their assignments of error in their arguments violates Appellate Rule 28(b)(6) and warrants dismissal of their appeal.

C. Failure to Adequately State Grounds for Appellate Review

Defendants also failed to adequately state the grounds for appellate review in the argument section of their brief. Appellate Rule 28(b)(4) provides, in relevant part, that an appellate brief "*shall contain* . . . A statement of the grounds for appellate review. Such statement *shall include citation of the statute or statutes permitting appellate review*." N.C.R. App. P. 28(b)(4) (2007) (emphasis supplied).

Defendants failed to "include citation of the statute or statutes permitting appellate review." N.C.R. App. P. 28(b)(4). Defendants' section entitled, "Grounds for Review," states only, "Defendant Appellant appeals as a right from a Judgment of the lower court."

In *Stann v. Levine*, this Court dismissed the appeal in part because "[p]laintiff failed to provide either the statement of grounds for appellate review or citation of any statute permitting such review." 180 N.C. App. 1, 3-4, 636 S.E.2d 214, 216 (2006). Also, in *Hill v. West*, this Court dismissed the appeal because the appellant failed to include a statement of grounds for appellate review and no final determination of the parties' rights had been made pursuant to N.C. Gen. Stat. § 1A-1, Rule 54. 177 N.C. App. 132, 135-36, 627 S.E.2d 662, 664 (2006). Defendants' failure to adequately state the grounds

for appellate review violates Appellate Rule 28(b)(4) and warrants dismissal of their appeal.

### D. Failure to Adequately State the Standard of Review

In the argument section of defendants' brief, defendants also failed to adequately state the applicable standard of review for each question presented. Appellate Rule 28(b)(6) provides in relevant part that an appellate brief "shall contain . . . a concise statement of the applicable standard(s) of review for each question presented" and "[t]he statement of the applicable standard[s] of review *shall contain citations of the authorities upon which the appellant relies*." N.C.R. App. P. 28(b)(6) (2007).

Defendants' brief states the following standard of review, "The Trial Court abused its discretion in failing to set aside the Judgment entered by the Court on September 22, 2005." Defendants' statement of the applicable standard of review fails to "contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6).

In *Stann*, this Court dismissed the appeal in part because the appellant failed to state an applicable standard of review. 180 N.C. App. at 4-5, 636 S.E.2d at 216. Also, in *State v. Summers*, this Court dismissed one of the appellant's arguments because of his failure to include a statement of the applicable standard of review. 177 N.C. App. 691, 699, 629 S.E.2d 902, 908, *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006). Defendants' failure to adequately state the applicable standard of review for the question presented violates Appellate Rule 28(b)(6) and warrants dismissal of their appeal.

### E. Discretionary Invocation of Appellate Rule 2

Our Supreme Court recently issued an opinion in *State v. Hart*, 361 N.C. 309, —— S.E.2d —— (2007). In *Hart*, our Supreme Court held, "the *Viar* holding does not mean that the Court of Appeals can no longer apply Rule 2 at all." 361 N.C. at 315, —— S.E.2d at —— (internal citation omitted). Our Supreme Court stated:

> The text of Rule 2 provides two instances in which an appellate court *may* waive compliance with the appellate rules: (1) [t]o prevent *manifest injustice* to a party; and (2) *to expedite decision in the public interest.* While it is certainly true that Rule 2 has been and may be so applied *in the discretion of the Court*, we reaffirm that Rule 2 relates to the residual power of our appellate

courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*.

*Id.* at 315-16, —— S.E.2d at —— (emphasis supplied) (internal quotations and citations omitted). The Supreme Court also noted, "Rule 2 must be applied cautiously." *Id.* at 315-16, —— S.E.2d at ——.

When it is apparent that a party has violated the Rules of Appellate Procedure, we must determine what sanction, if any, is appropriate and whether to apply Rule 2 of the North Carolina Rules of Appellate Procedure to overlook defendants' appellate rule violations and review the merits of their appeal. I would decline to do so.

Nothing in the record or briefs demonstrates the need to disregard defendants' rule violations "[t]o prevent manifest injustice" or "to expedite decision in the public interest." N.C.R. App. P. 2 (2007). Unlike in *Hart*, this is a civil case and defendants' appeal contains multiple and not a single violation. 361 N.C. at 316, —— S.E.2d at —— ("Although this Court has exercised Rule 2 in civil cases . . . the Court has done so more frequently in the criminal context when severe punishments were imposed."). "[T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361.

Defendants failed to make any showing and the record does not indicate any reasons to invoke this Court's discretionary exercise under Appellate Rule 2. In the exercise of our discretion, we should not disregard defendants' multiple and egregious violations of the appellate rules and invoke Appellate Rule 2 under the circumstances at bar.

The majority's opinion mischaracterizes this Court's duty when confronted with violations of the appellate rules in light of *Hart*. 361 N.C. at 316, —— S.E.2d at ——. In addition or in lieu of dismissal, this Court may impose other sanctions under Appellate Rules 25 or 34 and not invoke Appellate Rule 2. Here, I disagree with the majority's opinion on what is the proper sanction to impose in the face of defendants' multiple and egregious violations of the appellate rules. *Dogwood Dev. & Mgmt. Co., LLC*, 183 N.C. App. at ——, —— S.E.2d at ——.

Our Supreme Court's decision in *Hart* reaffirms the power of appellate courts to impose any number of sanctions, including dis-

missal, and states that Appellate Rule 2 remains available to the court, in its discretion, to reach the merits of the appeal, notwithstanding a violation of the appellate rules. 361 N.C. at 317, —— S.E.2d at ——. If this Court determines the violations are serious and egregious enough to warrant dismissal, in its discretion the court may, but is not required to, reach or decide the merits of the appeal by invoking Appellate Rule 2 of the appellate rules. *Id.*

## II. Conclusion

The majority and I agree that defendants' appeal and brief shows multiple failures to comply with the appellate rules. "The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." *Viar*, 359 N.C. at 401, 610 S.E.2d at 360 (internal quotation omitted). "It is not the role of the appellate courts . . . to create an appeal for an appellant." *Id.* at 402, 610 S.E.2d at 361.

In the exercise of this Court's discretion, I decline to excuse defendants' multiple appellate rule violations by ordering defendants to pay the printing costs of this appeal and invoke Appellate Rule 2 to reach the merits of their appeal. The appropriate sanction for defendants' multiple appellate rule violations is dismissal of their appeal. I respectfully dissent.