EINAT METZKOR COTTER, Plaintiff-Appellee v. GAD COTTER, Defendant-Appellant

No. COA06-994

(Filed 21 August 2007)

### 1. Appeal and Error— violations of appellate rules—no dismissal

Defendant's appeal was not dismissed for violations of the Rules of Appellate Procedure; assuming that defendant violated the Rules, those violations were not sufficiently egregious to warrant dismissal.

### 2. Divorce— foreign order—enforcement

The trial court did not err by granting summary judgment for plaintiff in an action to domesticate an Israeli divorce and child support order. Plaintiff's complaint made sufficiently clear that she was seeking recognition of payments provided in that order, specifically citing the North Carolina Foreign Money Judgments Recognition Act (NCMJRA); the order qualifies as a foreign judgment under that act; and defendant did not assert any ground for nonrecognition. Plaintiff must follow the statutory steps contained in the Uniform Enforcement of Foreign Judgments Act (UEFJA) at the appropriate time to enforce the judgment. N.C.G.S. § 1C-1701 et seq.; N.C.G.S. § 1C-1800 et seq.

Appeal by Defendant from order entered 10 March 2006 by Judge Craig B. Brown in District Court, Durham County. Heard in the Court of Appeals 27 March 2007.

*Tharrington Smith, L.L.P., by Jill Schnabel Jackson, for Plaintiff-Appellee.*

*The Williams Law Group, PC, by T. Miles Williams, for Defendant-Appellant.*

**COTTER v. COTTER**

[185 N.C. App. 511 (2007)]

McGEE, Judge.

Einat Metzkor Cotter (Plaintiff) and Gad Cotter (Defendant) were married in Israel on 12 June 1997. One child, Y.C., was born of the marriage on 30 November 1997. Plaintiff and Defendant were civilly divorced on 8 April 1999 in the Family Court of Tel Aviv and Central District. Plaintiff and Defendant entered into an agreement, which was made part of the divorce judgment (the Israeli order). The Israeli order provided, *inter alia*, custody, support, and visitation of Y.C., and for a division of personal property. The Israeli order also included a section entitled, "Additional Obligations of the Husband towards the Wife." This section provided:

> The husband is obligated to pay to the wife the sum in NIS equivalent to 40,000 (forty thousand) US Dollars (USD) according to the representative rate on the date of the payment, and shall pay not later than 31 December 2001. Furthermore, the husband is obligated to pay to the wife an additional sum in NIS equivalent to 40,000 (forty thousand) US Dollars according to the representative rate on the date of the payment, and shall pay not later than 31 December 2003.

Plaintiff filed a complaint and affidavit in Durham County on 23 September 2005. Plaintiff alleged that she was a citizen of Israel, and that Defendant was a citizen and resident of North Carolina. Plaintiff further alleged that Defendant had failed to make the child support payments required under the Israeli order, and had also failed to remit the two $40,000.00 payments to Plaintiff. Plaintiff requested that the trial court:

> A. Register the attached Israeli order for child support and property/support payments;
>
> B. Award . . . [P]laintiff reasonable attorney's fees in connection with enforcement of same;
>
> C. Order . . . Defendant to pay all costs, including reasonable attorney's fees, for the prosecution of this action;
>
> D. Determine that the Israeli order is entitled to comity and enforce that order, awarding past due child support arrears to . . . Plaintiff and the sum of $80,000 to Plaintiff;
>
> E. Find . . . Defendant in willful criminal and/or civil contempt of this Court for his failure to comply with his obligation to pay child support as set forth above; and

F. Order that . . . Defendant's prospective child support obligation be paid by and through the North Carolina Centralized Child Support Enforcement Office by wage withholding; and

G. Issue orders for such other and further relief as the Court may deem just and proper.

Defendant filed a motion in the cause and answer on 2 December 2005, in which Defendant asserted that the Family Court of Tel Aviv and Central District retained jurisdiction over Plaintiff, Defendant, and the subject matter of Plaintiff's complaint. Defendant further asserted that (1) he had filed a motion in the Family Court of Tel Aviv and Central District requesting a modification of his child support obligation under the Israeli order; (2) the Israeli order could not be registered in North Carolina pursuant to N.C. Gen. Stat. § 52C-1-101 *et seq.*; and (3) assuming *arguendo* that the Israeli order could be registered in North Carolina, Plaintiff had failed to properly register it under N.C. Gen. Stat. § 52C-6-602 and N.C. Gen. Stat. § 52C-6-605. Defendant requested that the trial court enter an order dismissing Plaintiff's complaint and denying subject matter jurisdiction based upon the motion pending in the Family Court of Tel Aviv and Central District.

Defendant also filed an objection to registration and petition for hearing on 21 December 2005, seeking "a hearing in order to contest the validity of registration and enforcement of the [Israeli order.]" Plaintiff filed a motion for summary judgment on 5 January 2006, stating that Plaintiff was entitled to judgment "under the Uniform Foreign Money-Judgments Recognition Act . . . at North Carolina General Statutes Sections 1C-1801, *et seq.* and Chapters 50 and 52 of the North Carolina General Statutes governing enforcement of foreign child support orders under the laws of comity."

The trial court held a hearing on Plaintiff's motion on 22 February 2006. In an order entered 10 March 2006, the trial court granted summary judgment in Plaintiff's favor. The trial court ordered (1) that the child support provision of the Israeli order be domesticated and subject to enforcement in North Carolina; (2) that Plaintiff recover of Defendant $80,000.00 under the North Carolina Foreign Money-Judgments Recognition Act (the NCFMJRA) and that a judgment be entered against Defendant in that amount; and (3) that execution and enforcement of the $80,000.00 judgment against Defendant be stayed until 31 May 2006 or until Defendant's motion pending be-

fore the Family Court of Tel Aviv and Central District was heard. Defendant appeals.

Initially, we note that Defendant fails to argue his first assignment of error which pertained to the trial court's ruling that the child support provision be domesticated and subject to enforcement in North Carolina. We therefore deem that assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6).

[1] Next, we must address Plaintiff's argument that Defendant's appeal should be dismissed for various violations of the North Carolina Rules of Appellate Procedure. Since the filing of the briefs in the present case, our Supreme Court decided *State v. Hart*, 361 N.C. 309, 644 S.E.2d 201 (2007), and addressed whether our Court "may review an appeal if there are any violations of the Rules of Appellate Procedure." *Id.* at 310-11, 644 S.E.2d at 202. The Supreme Court stated that "every violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure." *Id.* at 311, 644 S.E.2d at 202. The Supreme Court also noted Rule 2 gives an appellate court the power to suspend the rules " '[t]o prevent manifest injustice to a party, or to expedite decision in the public interest.' " *Id.* at 315, 644 S.E.2d at 205 (quoting N.C.R. App. P. 2). However, the Court also stated that Rule 2 "must be applied cautiously." *Id.* The Supreme Court clarified, stating: "Thus, the exercise of Rule 2 was intended to be limited to occasions in which a 'fundamental purpose' of the appellate rules is at stake, which will necessarily be 'rare occasions.' " *Id.* at 316, 644 S.E.2d at 205.

Our Court has decided several cases applying *Hart*. In *McKinley Bldg. Corp. v. Alvis*, 183 N.C. App. 500, 645 S.E.2d 219 (2007), and *Peverall v. County of Alamance*, 184 N.C. App. 88, 645 S.E.2d 416 (2007), we declined to dismiss the cases based upon appellate rules violations. Instead, our Court ordered the offending party to pay the printing costs of the appeal pursuant to Rule 34(b). We determined the violations were not sufficiently egregious to warrant dismissal. *McKinley*, 183 N.C. App. at 502, 645 S.E.2d at 221; *Peverall*, 184 N.C. App. at 91, 645 S.E.2d at 419. We came to a different result in *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 183 N.C. App. 389, 645 S.E.2d 212 (2007). In *Dogwood*, the plaintiff filed a motion to dismiss based upon the defendant's rules violations. *Id.* at 390, 645 S.E.2d at 214. The defendant violated (1) Rule 10(c)(1) by failing to include proper record or transcript references; (2) Rule 28(b)(6) by

failing to refer to the assignments of error in the argument section; (3) Rule 28(b)(4) by failing to state the grounds for appellate review; and (4) Rule 28(b)(6) by failing to state the applicable standard of review for each question presented. *Id.* at 391-94, 645 S.E.2d at 214-16. In our discussion, we noted that the defendant failed to respond to the plaintiff's motion to dismiss and failed to correct the violations identified by the plaintiff. *Id.* at 394, 645 S.E.2d at 216. We also noted in *Dogwood,* that

> unlike in *Hart*: (1) we are not dismissing [the] defendant's appeal *ex mero mot[u]*; (2) [the] plaintiff has moved to dismiss the appeal for numerous appellate rule violations; (3) [the] defendant failed to respond to [the] plaintiff's motion; and (4) there are multiple and egregious rule violations instead of one violation as in *Hart.*

*Id.* at 395, 645 S.E.2d at 217. We determined that the appropriate sanction for the rules violations was dismissal of the defendant's appeal. *Id.* at 395, 645 S.E.2d at 217.

We find the present case to be similar to *McKinley* and *Peverall.* We do not agree with Plaintiff's assertion that Defendant violated Rule 28(b)(5) by failing to support the facts with references to the transcript or the record, or that Defendant violated Rule 28(b)(6) by failing to cite authority supporting his argument. In his reply brief, Defendant concedes that he failed to include a statement of the applicable standard of review in violation of Rule 28(b)(6). Plaintiff also argues that Defendant's second assignment of error violated Rule 10(c)(1). Even assuming *arguendo* that Defendant's second assignment of error did not comply, we believe these violations are "not sufficiently egregious to warrant dismissal." *McKinley,* 183 N.C. App. at 502, 645 S.E.2d at 221. *See also Peverall,* 184 N.C. App. at 91, 645 S.E.2d at 419. Therefore, we decline to dismiss Defendant's appeal and proceed to our review of his remaining assignment of error.

[2] In his second assignment of error, Defendant argues that the trial court erred by granting summary judgment in favor of Plaintiff. Specifically, Defendant argues that Plaintiff failed to follow the proper statutory procedures under the NCFMJRA. Defendant contends that, by failing to file a motion seeking recognition, Plaintiff did not abide by the provisions of the NCFMJRA. Defendant further argues that even had Plaintiff followed the proper procedures, the trial court had no authority to enforce the judgment under the

NCFMJRA because enforcement of a foreign judgment is governed by the Uniform Enforcement of Foreign Judgments Act (the UEFJA).

In response, Plaintiff argues that the Israeli order is a foreign judgment entitled to recognition under the NCFMJRA. Further, Plaintiff argues that Defendant did not assert any of the grounds for nonrecognition under the NCFMJRA and therefore, the Israeli order is conclusive between the parties pursuant to N.C. Gen. Stat. § 1C-1803. Plaintiff also argues that she was not required to follow the procedures of the UEFJA before seeking recognition of the Israeli order under the NCFMJRA.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. *Id.*

Resolution of this issue involves a discussion of both the UEFJA and the NCFMJRA. According to the UEFJA:

> "Foreign judgment" means any judgment, decree, or order of a court of the United States or a court of any other state which is entitled to full faith and credit in this State, except a "child support order," . . . a "custody decree," . . . or a domestic violence protective order[.]

N.C. Gen. Stat. § 1C-1702(1) (2005). Under this definition, the Israeli order is a not a "foreign judgment." On the other hand, the NCFMJRA defines foreign judgment, in part, as "any judgment of a foreign state granting or denying recovery of a sum of money[.]" N.C. Gen. Stat. § 1C-1801(1) (2005). Further, the NCFMJRA includes in its definition of foreign state "any governmental unit other than the United States[.]" N.C. Gen. Stat. § 1C-1801(2) (2005). Thus, because this is an order issued from an Israeli court, we conclude that Plaintiff was correct to proceed under the NCFMJRA.

We must next determine whether Plaintiff followed the proper procedures under the NCFMJRA. N.C. Gen. Stat. § 1C-1802 (2005) states that the NCFMJRA "applies to any foreign judgment that is

final and conclusive and enforceable where rendered even though an appeal of the judgment is pending or the judgment is subject to appeal." N.C. Gen. Stat. § 1C-1803 (2005) provides:

> Except as provided in G.S. 1C-1804, a foreign judgment meeting the requirements of G.S. 1C-1802 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the manner set forth in Article 17 of this Chapter. The defenses available to a judgment debtor under G.S. 1C-1804 may be asserted by the judgment debtor in the manner set forth in G.S. 1C-1705.

N.C. Gen. Stat. § 1C-1804 (2005) sets out various grounds for non-recognition of a foreign judgment that would render a foreign judgment "not conclusive[.]" Our review of the NCFMJRA reveals that no provision of the NCFMJRA describes the enforcement procedures to be followed. Rather, the NCFMJRA provides that it is enforceable pursuant to the UEFJA. N.C.G.S. § 1C-1803. We note that in *VF Jeanswear Ltd. Partnership v. Molina*, 320 F. Supp. 2d 412, 418 (2004), the United States District Court for the Middle District of North Carolina noted that the NCFMJRA "does not govern the enforcement of foreign judgments. Rather, it pertains only to whether a court should recognize the judgment."

The UEFJA sets out the appropriate steps for enforcing a judgment recognized under the NCFMJRA. N.C. Gen. Stat. § 1C-1703(a) (2005) permits an authenticated foreign judgment to be filed with the clerk of court in a county where the judgment debtor resides, or owns real or personal property. The judgment creditor is required (1) "to make and file" an affidavit stating that the judgment is final and unsatisfied; and (2) state the amount remaining unpaid. N.C.G.S. § 1C-1703(a). The judgment is then to be docketed and indexed as any other judgment under N.C. Gen. Stat. § 1C-1703(b) (2005). Upon filing of the judgment and affidavit, the judgment creditor is required to serve a notice of the filing on the judgment debtor. N.C. Gen. Stat. § 1C-1704(a) (2005). The judgment debtor can then file a motion for relief from, or notice of defense to, the judgment pursuant to N.C. Gen. Stat. § 1C-1705 (2005).

In the present case, Plaintiff's complaint made sufficiently clear that she was seeking, *inter alia*, recognition of the $40,000.00 payments provided for in the Israeli order. Further, in her motion for summary judgment, Plaintiff specifically cited the NCFMJRA as the basis for her motion. Moreover, the Israeli order qualifies as a foreign

judgment under the NCFMJRA. At the summary judgment hearing, Defendant did not assert any ground for nonrecognition, nor has he done so before this Court. We therefore conclude that the trial court did not err by entering an order which recognized the payments due Plaintiff by Defendant under the Israeli order. As noted above, to enforce the judgment, Plaintiff must follow the statutory steps contained in the UEFJA at the appropriate time. We find no error in the trial court's order.

Affirmed.

Judges ELMORE and STEPHENS concur.