MAXWELL SCHUMAN & COMPANY, Plaintiff v. THEODORE EDWARDS and
VALERIE EDWARDS, Defendants

No. COA07-996

(Filed 15 July 2008)

## 1. Judgments— Canadian—enforcement

Plaintiff complied with the statutory provisions of the Uniform Enforcement of Foreign Judgments Act in seeking enforcement of a Canadian judgment for attorney fees for a Canadian child custody action and was not required to bring forth evidence that none of the defenses available to defendants were valid. The North Carolina Foreign Money Judgments Recognition Act (NCFMJRA) pertains to recognition of a judgment rather than enforcement.

## 2. Attorneys— child custody—contingency fees

Contingency attorney fees in child custody actions are void as against public policy, and the portion of a Canadian judgment granting such fees was not enforceable.

## 3. Attorneys; Child Support, Custody, and Visitation— custody—expenses of action—separate from contingency fee for legal expenses

Expenses of a Canadian appeal in a child custody action were recognized in North Carolina even though the attorney fees were voided as being based on a contingency. In general, other fees contained in a contingent fee arrangement are also void, but in this case there was no written agreement about the total costs and defendant was responsible for the expenses, win or lose.

Appeal by defendants from judgment entered 19 April 2007 by Judge Karl Adkins in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 April 2008.

*Kennedy Covington Lobdell & Hickman, L.L.P., by Sara W. Higgins and Daniel V. Mumford, for plaintiff-appellee.*

*Cranford, Schultze, Tomchin, and Allen, P.A., by Michael F. Schultze, for defendant-appellants.*

**MAXWELL SCHUMAN & CO. v. EDWARDS**

[191 N.C. App. 356 (2008)]

HUNTER, Judge.

Theodore Edwards[1] ("defendant") appeals from a judgment which ordered payment to Maxwell Schuman & Company ("plaintiff") in the amount of $269,243.13 in Canadian funds, plus costs and interest at eight percent. After careful consideration, we reverse in part and affirm in part the order of the trial court.

This action has been brought by plaintiff, a Canadian law firm, for the purpose of enforcing a Canadian judgment against defendant which was obtained in the Supreme Court of British Columbia (the functional equivalent to our trial court) for legal representation made on behalf of defendant by plaintiff. In brief, plaintiff represented defendant in a custody action concerning a child that defendant had out of wedlock. Defendant did not prevail at the trial court level. Thereafter, plaintiff informed defendant that if their appeal to the British Columbia Court of Appeals was unsuccessful, plaintiff would waive its legal fees and bill defendant only for expenses.

On 9 March 2000, defendant's appeal was successful and defendant was awarded custody. Following the appellate decision, plaintiff billed defendant $99,290.33[2] for fees and expenses in connection with the appeal. Of that sum, defendant paid all but $10,290.33.

Following the appeal, the child's mother sought and received a stay on the appellate division's order pending her application to appeal the decision to the Supreme Court of Canada. The mother's application to the Supreme Court of Canada was granted and the judgment of the Canadian trial court was eventually reinstated. In light of the unsuccessful result, plaintiff reduced its legal fees by more than $26,000.00, but the remaining fees and expenses remained outstanding.

Defendant ultimately presents one issue for this Court's review: Whether the trial court erred in recognizing and enforcing the Canadian judgment where plaintiff agreed that attorney fees would be, in part, contingent upon a successful outcome at the appellate court.

I.

[1] Resolution of the issue before this Court requires discussion of both the North Carolina Foreign Money Judgments Recognition Act

---

1. Mr. Edwards's wife, Valerie Edwards, is also a named defendant in this action. For clarity, however, we refer only to Mr. Edwards as "defendant."

2. All dollar totals are Canadian, unless otherwise noted.

("NCFMJRA") and the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). We discuss each in turn.

The NCFMJRA applies to "any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal of the judgment is pending or the judgment is subject to appeal." N.C. Gen. Stat. § 1C-1802 (2007). The term "foreign judgment" refers to "any judgment of a foreign state granting or denying recovery of a sum of money[.]" N.C. Gen. Stat. § 1C-1801(1) (2007). The term "foreign state" is not a reference to a different state but "any governmental unit other than the United States," or any of its member states. N.C. Gen. Stat. § 1C-1801(2).

Part of the NCFMJRA contains the following relevant language:

> Except as provided in G.S. 1C-1804, a foreign judgment meeting the requirements of G.S. 1C-1802 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the manner set forth in Article 17 of this Chapter. The defenses available to a judgment debtor under G.S. 1C-1804 may be asserted by the judgment debtor in the manner set forth in G.S. 1C-1705.

N.C. Gen. Stat. § 1C-1803 (2007).

The NCFMJRA, however, " 'does not govern the enforcement of foreign judgments.' " *Cotter v. Cotter*, 185 N.C. App. 511, 517, 648 S.E.2d 552, 556 (2007) (quoting *VF Jeanswear Ltd. Partnership v. Molina*, 320 F. Supp. 2d 412, 418 (2004)). Instead, " 'it pertains only to whether a court should recognize the judgment.' " *Id.* Enforcement of judgments is governed by the UEFJA. *Id.* This Act "sets out the appropriate steps for enforcing a judgment recognized under the NCFMJRA." *Id.*

Specifically,

> N.C. Gen. Stat. § 1C-1703(a) [2007] permits an authenticated foreign judgment to be filed with the clerk of court in a county where the judgment debtor resides, or owns real or personal property. The judgment creditor is required (1) "to make and file" an affidavit stating that the judgment is final and unsatisfied; and (2) state the amount remaining unpaid. N.C.G.S. § 1C-1703(a). The judgment is then to be docketed and indexed as any other judgment under N.C. Gen. Stat. § 1C-1703(b) [2007]. Upon filing of the judgment and affidavit, the judgment creditor is required to

serve a notice of the filing on the judgment debtor. N.C. Gen. Stat. § 1C-1704(a) [2007]. The judgment debtor can then file a motion for relief from, or notice of defense to, the judgment pursuant to N.C. Gen. Stat. § 1C-1705 [2007].

*Id.* Where the defendant makes no argument for non-recognition after a plaintiff has followed these statutory guidelines, the plaintiff is entitled to enforcement of the foreign judgment. *Id.*

In the instant case, there is no dispute that defendant resides in the county where the action was filed and that an authenticated foreign judgment was filed with the clerk of court. Additionally, plaintiff filed an affidavit stating that the judgment was final and unsatisfied, stating the amount owed ($228,359.41), and stating that notice was served on defendant as to the debt.

Unlike the defendant in *Cotter*, however, defendant in this case has made an argument that the foreign judgment should not be enforced and recognized on the grounds that doing so would violate North Carolina public policy. That said, and counter to defendant's implications, plaintiff is not required "to bring forth evidence that none of the defenses available to defendants were valid." *Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 302, 429 S.E.2d 435, 437 (1993). In other words, the burden is on defendant.

II.

[2] Defendant contends that the fee agreement between him and plaintiff was based on a contingency and is therefore void on public policy grounds. We agree that part of the fee agreement was an impermissible contingency arrangement.

Foreign judgments need not be recognized when they are "repugnant to the public policy of this State." N.C. Gen. Stat. § 1C-1804(b)(3) (2007). Additionally, we will not recognize a foreign judgment where "[t]he foreign court rendering the judgment would not recognize a comparable judgment of this State." N.C. Gen. Stat. § 1C-1804(b)(7).

As a general matter, contingency contracts are permitted in North Carolina except where the fee agreement is in direct violation of public policy. *Robinson, Bradshaw & Hinson v. Smith*, 129 N.C. App. 305, 311, 498 S.E.2d 841, 847 (1998). Contingency fee contracts for representation in a divorce and/or for alimony or child support have all been prohibited. *Id.* at 311-12, 498 S.E.2d at 847. The rationale is that

[t]o allow a contingent-fee contract based on a percentage of a child support award would upset the equilibrium between judicially-monitored support schedules and judicially-monitored awards of attorneys' fees for plaintiffs who could not otherwise afford adequate legal representation. By allowing the trial court to determine the amount a party must pay in support and the amount reasonable for legal expenses, children's interests are protected without disturbing the incentive for attorneys to represent plaintiffs whose only "assets" are their rights to receive child support payments.

*Davis v. Taylor,* 81 N.C. App. 42, 46-47, 344 S.E.2d 19, 22 (1986).

Whether a child custody arrangement could be based on a contingency fee has not been decided by our appellate courts. Although this issue has not been addressed, arguments prohibiting such arrangements have been advanced on the ground that

[l]ike alimony and child support, a statutory mechanism exists for attorney's fees for custody claims, mitigating the need for contingency fees. More importantly, the best interest of the child requires that the law keep out of custody disputes any competing interest related to fees. . . . Even more clearly, the law should encourage resolution of custody disputes and minimize the competing interests.

3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 13.97 (5th ed. 2002).

Additionally, this Court has held that, in actions wherein child support and child custody are sought, contingent fee agreements are void on public policy grounds. *Davis,* 81 N.C. App. at 50-51, 344 S.E.2d at 24. This Court reasoned in *Davis,* as Professor Reynolds argued in her treatise, that allowing a contingent fee agreement in child custody and child support actions would "compromise the main policy of the fee statute—to protect the interests of children involved in custody and support cases." *Id.*

With the issue now squarely before us, we hold that contingency fees are void on public policy grounds in custody actions. To hold otherwise, as we stated in *Davis,* would conflict with promoting the best interests of children. This is especially true here, where the finality of the original trial court order may have been delayed because of the contingent fee agreement. Had such an arrangement not been established, defendant might not have sought to appeal the initial

order. Indeed, as plaintiff's counsel stated to the trial court, "[b]ecause of [defendant's] hesitation [to appeal the adverse custody order], my client told him that it would . . . bill[] on an hourly basis; however, . . . if the appeal itself was unsuccessful," plaintiff would not charge defendant any legal fees, only expenses. We therefore conclude that the contingency fee agreement is void on public policy grounds.

We also recognize that in custody only disputes, as opposed to custody and support actions, no money is exchanged in which a lawyer could receive a *pro rata* share. That, however, has not prevented this State from holding that contingent fee arrangements in a divorce proceeding, in which no money is at issue, is void on public policy grounds. *Williams v. Garrison*, 105 N.C. App. 79, 81, 411 S.E.2d 633, 634 (1992). Accordingly, the fact that money is not at issue in this case does not alter our analysis.

Although we find the portion of the agreement in which legal fees were contingent upon a successful appeal voided, we do not void the entirety of the agreement. As this Court has stated, "when a portion of a contract is void as against public policy, the remainder of that contract may still be enforceable to the extent it is severable from, and not dependent in its enforcement upon, the void portion." *Davis*, 81 N.C. App. at 48, 344 S.E.2d at 23. In this case, the only contingent fee agreement was related to the initial appeal. Thus, the fees and expenses associated with the action in the Canadian trial court and the fees and expenses associated with the appeal to Canada's highest court are not voided on public policy grounds.

**[3]** This leaves only the question of whether the expenses associated with plaintiff's representation of defendant during the initial appeal should be owed by defendant to plaintiff. It is important to note that, in this case, there was no written agreement between the parties as to the total costs (fees and expenses) for the first appeal, and no contract for any other matter appears in the record before this Court. This Court has held that where a contingent fee arrangement is void against public policy, other fee arrangements contained in the same contract are also void as the "contingent-fee provision 'permeates the entire agreement.'" *Id.* at 49, 344 S.E.2d at 24 (citation omitted). Indeed, in *Davis*, the entire contract was voided as the contingency fee agreement was "the essence of the contract." *Id.* Here, the situation is distinct from *Davis*. Unlike *Davis*, where a *pro rata* share of the payments would be recovered, here, plaintiff would recover its normal hourly rate were they successful. Also unlike *Davis*, agree-

ment concerning the expenses are not legal fees and defendant, win or lose, was responsible for legal expenses. Accordingly, we hold that in this case, the expenses associated with prosecuting the initial appeal are not voided on public policy grounds. The judgment of the trial court is therefore reversed in part and affirmed in part.

### III.

In conclusion, we hold that plaintiff has complied with the statutory provisions of the UEFJA. Defendant, however, has provided a valid reason as to why the foreign judgment should not be enforced and recognized in its entirety because it is in part void on public policy grounds. The remaining fees and expenses are fully collectable by plaintiff.

Reversed in part; affirmed in part.

Judges ELMORE and STROUD concur.