PATRICK O. SEAY, Plaintiff v. WAL-MART STORES, INC., and AMERICAN HOME ASSURANCE, Defendants

No. COA06-192

(Filed 5 December 2006)

**1. Appeal and Error— violations of appellate rule—not so egregious as to warrant dismissal**

Violations of appellate rules involving the assignment of error and the brief were not so egregious as to warrant dismissal where reaching the merits did not create an appeal for the appellant or cause examination of issues not raised by the appellant, and defendants were given sufficient notice of the issue on appeal.

## 2. Workers' Compensation— back injury—expert medical evidence required—testimony not sufficient

The Industrial Commission's findings in a workers' compensation case involving a back injury justified its conclusion that the testimony of plaintiff's expert medical witness was insufficient as medical evidence of causation. This case involves ruptured disks and protrusions complicated enough to require that causation be established through expert opinion, but the particular language used by the witness leaves the issue in the realm of conjecture and remote possibility.

Appeal by plaintiff from judgment entered 1 September 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 October 2006.

*Whitley, Rodgman & Whitley, by Robert E. Whitley, Jr., for plaintiff-appellant.*

*Young, Moore & Henderson, P.A., by Jennifer T. Gottsegen, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiff appeals from an opinion and award of the Industrial Commission denying his claim for compensation under the North Carolina Workers' Compensation Act. The record reflects that plaintiff filed an Industrial Commission Form 18, dated 25 April 2003, alleging that he injured his middle back stacking gas grills in storage trailers behind the defendant-employer's store in Goldsboro. Plaintiff alleged that the injury occurred on 4 April 2003. The case was heard before a deputy commissioner on 12 January 2004. Plaintiff was awarded compensation for temporary total disability benefits for the period he was out of work. Defendants appealed to the Full Commission. The Commission found that plaintiff had failed to provide sufficient information to determine medical causation by a preponderance of the evidence. Plaintiff appealed to this Court. We affirm.

[1] At the outset, we note that plaintiff has failed to comply with the North Carolina Rules of Appellate Procedure in several respects. N.C. R. App. P. 10(c)(1) (2006) requires that each assignment of error be made "with clear and specific record or transcript references." Plaintiff's only assignment of error, however, lacks references to the record or transcript. Further, N.C. R. App. P. 28(b)(6), governing the

required content of an appellant's brief, states that "[i]mmediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." In his brief, plaintiff does not make any references to his sole assignment of error nor does he include the numbers and pages by which it appears in the record. Appellant's brief also failed to include a statement of the questions presented for review, a concise statement of the procedural history of the case or a statement of the grounds for appellate review. *See* N.C. R. App. P. 28(b)(2)-(4).

Plaintiff's rule violations, while serious, are not so egregious as to warrant dismissal of the appeal. *See Coley v. State*, 173 N.C. App. 481, 483, 620 S.E.2d 25, 27 (2005). Reaching the merits of this case does not create an appeal for an appellant or cause this Court to examine issues not raised by the appellant. *Id.* (citing *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)). Defendants were given sufficient notice of the issue on appeal as evidenced by the filing of their brief thoroughly responding to plaintiff's argument. *Youse v. Duke Energy Corp.*, 171 N.C. App. 187, 192, 614 S.E.2d 396, 400 (2005). As a result, we elect to review the merits of plaintiff's appeal pursuant to N.C. R. App. P. 2. *See Id.*

[2] "The standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). This Court may not weigh the evidence or make determinations regarding the credibility of the witnesses. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998).

Findings of fact not specifically assigned as error are "deemed supported by competent evidence and are binding on appeal." *Drewry v. N.C. Dep't. of Transp.*, 168 N.C. App. 332, 333, 607 S.E.2d 342, 344 n.2 (2005) (citing *Watson v. Employment Sec. Comm'n*, 111 N.C. App. 410, 412, 432 S.E.2d 399, 400 (1993)). In the present case, plaintiff did not assign error to any of the Commission's findings of fact and those findings are therefore binding before this Court.

The Commission made the following findings: At the time of the alleged incident, plaintiff was forty years old and worked for defendant-employer as a member of inventory control. On 4 April 2003,

SEAY v. WAL-MART STORES, INC.

[180 N.C. App. 432 (2006)]

plaintiff was lifting grills ranging in weight from twenty-five to two hundred and twenty-five pounds. While lifting, plaintiff felt a "twinge" and notified his supervisor that he thought he pulled something in his back. After a short break, plaintiff continued working for an additional two hours. On 5 April 2003, plaintiff arrived at work and told an assistant store manager that his back hurt. He was sent home. On 6 April 2003, plaintiff's father took him to the emergency room for treatment. The triage note reported that plaintiff indicated the onset of his pain was 5-6 weeks prior. Plaintiff did not mention that the injury might have been work related. The treating physician described plaintiff's condition as lower back pain occurring over the past 4-6 weeks and becoming worse over the last two days. Plaintiff was diagnosed with a lumbar sprain and was prescribed medication. While filling his prescriptions at defendant-employer's store in Kinston, plaintiff informed the pharmacy manager that he hurt his back while working at the Goldsboro store. The pharmacy manager called the Goldsboro store and plaintiff informed one of his store managers.

Plaintiff returned to the hospital the following day with continuing pain and was given an MRI during the early hours of 8 April 2003. The MRI results led to a diagnosis of a herniated disk at T8-T9 and a significant protrusion at T10-T11. The hospital referred plaintiff to neurosurgeon Dr. Larry S. Davidson. Plaintiff was discharged with instructions to follow up with Dr. Davidson in one week. On 9 April 2003, plaintiff went into work to complete a leave of absence and workers' compensation form. On 17 April 2003, Dr. Davidson performed a two level discectomy on plaintiff. Plaintiff was out of work from 5 April 2003 until 18 August 2003.

The Pitt Memorial Hospital medical records from 6, 7 and 8 of April 2006 were inconsistent as to plaintiff's history of back pain. The 6 April 2006 records "report a snap in the back with pain onset five to six weeks earlier, which had worsened." The 7 April 2003 records report an onset of low back pain five days earlier, reiterates the history of a snap in the back and pain from six weeks prior and reports numbness and tingling in both legs.

Plaintiff's injury history included an incident in 1980 when plaintiff fell in a barn and suffered a compression fracture of his lower spine and an injured coccyx. Within the past ten years of the claim at issue, plaintiff had a previous workers' compensation claim at a different employer after slipping on spilled liquid bleach and injuring his rotator cuff. In addition, he was in a car accident. Plaintiff's prior

existing conditions included an abscess between the layers of muscle in the rectum and infection of sweat glands in the groin area. Plaintiff testified that the injuries from his past were resolved prior to the injury in question.

Having found the Commission's findings binding on appeal, our ultimate concern is whether those findings justify the Commission's conclusion of law. The Commission concluded that "[p]laintiff has failed to prove by the greater weight of the evidence that his disability is causally related to an injury arising out of and in the course of his employment as a direct result of a specific traumatic incident of the work assigned." The plaintiff must prove that a particular accident was a causal factor of a particular injury by a preponderance of the evidence. *Holley v. ACTS, Inc.*, 357 N.C. 228, 232, 581 S.E.2d 750, 752 (2003). "If there is no evidence of a causal relationship between the incident and the injury, the claim must be denied." *Lettley v. Trash Removal Service*, 91 N.C. App. 625, 628, 372 S.E.2d 747, 749 (1988).

"In cases involving 'complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.'" *Holley*, 357 N.C. at 232, 581 S.E.2d at 753 (quoting *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980)). The present case involved ruptured disks and protrusions complicated enough to require that causation be established through expert opinion. *See Gillikin v. Burbage*, 263 N.C. 317, 325, 139 S.E.2d 753, 760 (1965) (finding expert testimony essential to form an intelligent opinion on "[t]he physical processes which produce a ruptured disc.").

"In order to be sufficient to support a finding that a stated cause produced a stated result, evidence on causation must indicate a reasonable scientific probability that the stated cause produced the stated result." *Johnson v. Piggly Wiggly of Pinetops, Inc.*, 156 N.C. App. 42, 49, 575 S.E.2d 797, 802 (2003) (quoting *Phillips v. U.S. Air, Inc.*, 120 N.C. App. 538, 542, 463 S.E.2d 259, 262 (1995), *aff'd*, 343 N.C. 302, 469 S.E.2d 552 (1996)). Expert testimony as to the possible cause of a medical condition is admissible if helpful but "is insufficient to prove causation, particularly 'when there is additional evidence or testimony showing the expert's opinion to be a guess or mere speculation.'" *Holley*, 357 N.C. at 233, 581 S.E.2d at 753 (quoting *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 233, 538 S.E.2d 912, 916 (2000)). Ultimately, expert opinion testimony based on speculation and con-

jecture lacks the reliability to qualify as competent evidence on issues of medical causation. *Young*, 353 N.C. at 230, 538 S.E.2d at 915.

Plaintiff relied exclusively on the deposition testimony of his expert witness, Dr. Davidson, to establish causation. Plaintiff argues that Dr. Davidson's response to a hypothetical question adequately established proof of causation. After asking Dr. Davidson to assume that certain facts related to the case were true, plaintiff's attorney asked "do you have an opinion, satisfactory to yourself and to a reasonable degree of medical certainty, whether the work event occurring on April 4 of 2003, specifically lifting the grill, probably caused the injuries which you treated and which ultimately led to surgery?" Dr. Davidson responded, "[a]ssuming that everything you have just mentioned is indeed true, it would be my medical assumption that his on-the-job injury of 04/04/03 should be implicated as the culprit of his thoracic disk herniation and his secondary symptoms thereafter." Within the findings of fact, to which plaintiff did not assign error, the Commission indicated that it was "unclear from the evidence whether Dr. Davidson used 'medical assumption' as a synonym or substitute for 'medical opinion' and 'culprit' as a synonym for 'cause.' " Dr. Davidson did not go on to clarify his testimony nor did plaintiff's counsel seek a clarification. The Commission concluded that Dr. Davidson's testimony was "too speculative to meet plaintiff's burden of proof on causation."

The Commission's findings justify its conclusion. Dr. Davidson based his opinion on a "medical assumption" that the 4 April 2003 work-related incident "should be implicated as the culprit" of the disk ruptures. The particular language used leaves the issue of causation in the "realm of conjecture and remote possibility." *Holley*, 357 N.C. at 232, 581 S.E.2d at 753. Dr. Davidson never connected the injury to the incident on 4 April 2003 as a reasonable scientific probability. The degree of a doctor's certainty goes to the weight of the testimony and the weight given expert evidence is a duty for the Commission and not this Court. *Adams v. Metals USA*, 168 N.C. App. 469, 483, 608 S.E.2d 357, 365 (2005).

In addition, the response elicited by plaintiff's hypothetical question required Dr. Davidson to assume the truth of facts that were not supported by the record. An expert's opinion that was solicited through the assumption of facts unsupported by the record is entirely based on conjecture. *Thacker v. City of Winston-Salem*, 125 N.C. App. 671, 675, 482 S.E.2d 20, 23 (1997). Specifically, Dr. Davidson was asked to assume that "prior to 04/04/2003 [plaintiff] had no com-

plaints of pain radiating into his legs, and the only medical history relating to any back pain was in a chiropractic treatment record dated 12/18 of 2000 where he was complaining of occasional soreness in his lower back." The Commission, however, found the plaintiff's medical records were filled with inconsistencies, including conflicting evidence on the onset of plaintiff's pain.

Medical records from Pitt Memorial Hospital report an onset date as far back as six weeks prior to the date of the alleged work injury. On 6 April 2003, plaintiff's medical records indicated that plaintiff complained of lower back pain for the past four to six weeks, beginning when he stood and "felt a pop in his lower back." A record from 7 April 2003 described the onset of plaintiff's lower back pain as occurring when "he stood up about six weeks ago and felt something pop in his lower back and has not been right since." Dr. Davidson's records from that day reported a five day history of pain. None of these potential scenarios were consistent with the work incident on 4 April 2003. Dr. Davidson expressed that his answer to plaintiff's hypothetical was made without an awareness of the conflicting evidence on the onset of plaintiff's pain:

Some of the information that has been presented to me—specifically, previous emergency room records that I had not reviewed—specifically, the history of onset of these symptoms—to some extent appear contradictory, perhaps, to some of the assumptions that we made earlier on in this deposition regarding no onset of symptoms prior to the date of the injury of 04/04/03.

Plaintiff's hypothetical question assumed facts not supported by the record and, as a result, reduced Dr. Davidson's response to conjecture.

The inconsistencies found within plaintiff's medical records functioned as additional evidence showing Dr. Davidson's opinion to be a guess or mere speculation. See Holley, 357 N.C. at 233, 581 S.E.2d at 753. In addition to the above inconsistencies, a nurse's note from 6 April 2003 indicated that plaintiff denied any recent trauma to his back. Overall, the work incident on 4 April 2003 was notably absent from the Pitt Memorial medical records. The 4 April 2003 incident was not referenced until plaintiff's surgical records on 17 April 2003. When considered alongside this additional evidence, Dr. Davidson's opinion on causation was a forecast of a possibility, rooted in conjecture and insufficient to establish causation.

In an additional effort to support a showing of causation, plaintiff refers to an exchange in deposition where Dr. Davidson assumed that a patient suffering from a significant herniation occurring five or six weeks prior "would have presented to medical attention at an earlier date." This exchange, while possibly attacking the credibility of an earlier onset of pain, does nothing to show causation stemming from the 4 April 2003 incident.

Plaintiff also argues that the trial court failed to view the evidence in a light most favorable to the plaintiff and failed to grant plaintiff every reasonable inference in reaching its decision. *See Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 553 (2000). We do not reach the merits of this argument because there is no corresponding assignment of error in the record on appeal. *See* N.C. R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]"); *see also Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994) (declining to address issues raised in brief that did not correspond to an assignment of error).

We hold that the Commission's findings justify its conclusion that the testimony of Dr. Davidson was insufficient as medical evidence of causation. Accordingly, we affirm the decision of the North Carolina Industrial Commission.

Affirmed.

Judges TYSON and CALABRIA concur.