***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and oral arguments of the parties. With reference to the errors assigned by plaintiff, the Full Commission finds that plaintiff has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Gillen and enters the following Opinion and Award.
 ***********
Plaintiff filed with the Industrial Commission two motions dated 10 December 2009 and 22 December 2009 to reopen the record and allow additional evidence. In the discretion of the *Page 2 
Full Commission and pursuant to N.C.I.C Rule 701(6) plaintiff's motion to reopen the record and admit additional evidence is DENIED.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The self-insured employer is North Carolina Central University.
2. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
3. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
4. At all relevant times the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. Plaintiff's average weekly wage is $639.46, which yields a weekly workers' compensation rate of $426.33.
 ***********
The following were entered into evidence as:
 STIPULATED EXHIBITS a. The Pretrial Agreement, marked as stipulated exhibit 1.
 b. Plaintiff's medical records, collectively paginated 1-78 and marked as stipulated exhibit 2.
 c. The Industrial Commission Forms filed in this matter, marked as stipulated exhibit 3. *Page 3 
 d. Plaintiff's personnel records, collectively paginated 1-111 and marked as stipulated exhibit 4.
 *********** ISSUE PRESENTED
Whether plaintiff sustained a compensable workers' compensation injury to her shoulders, low back, and/or left leg on 4 September 2007.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. The third-party administrator at the time of the hearing before the Deputy Commissioner was Key Risk Management Services. As of 1 July 2009, Corvel became the new third-party administrator for the State of North Carolina.
2. Plaintiff was employed as an administrative associate with defendant. Plaintiff was born 2 March 1951 and was employed by defendant for 25 years.
3. Plaintiff sustained a compensable injury to her head and neck on 4 September 2007 when a bulletin board fell and struck her head. Immediately after the accident plaintiff was transported to Duke University Hospital Emergency Department. The medical records from this visit indicate a diagnosis of "Headache" and "Closed Injury Head, Unspecified Consciousness State." The medical records further specified "no fracture, no brain injury suspected today," and plaintiff was released that day. *Page 4 
4. Defendant filed a Form 60 dated 23 October 2007 admitting the compensability of plaintiff's 4 September 2007 head and neck injury. The "description of the injury" portion of the Form specified: "Concussion with no loss of consciousness and cervical sprain/strain."
5. On 6 September 2007, 7 September 2007, 10 September 2007, and 11 September 2007 plaintiff sought treatment from Dr. Henry J. Adomonis at Concentra Medical Centers. The medical records from these visits reflect diagnoses of a concussion with no loss of consciousness and a cervical strain. None of these records reflect any complaints from plaintiff regarding her shoulders, low back, or left leg.
6. A 7 September 2007 note from Concentra Medical Centers indicates that plaintiff was released to return to work regular duty on 7 September 2007.
7. Neurologist Dr. Sandy J. Kimmel first treated plaintiff on 27 September 2007. The medical records from this visit reflect a diagnosis of "Posttraumatic headaches with cervicalgia." Another part of the note reads, "X-ray of C-spine unremarkable per notes and CT scan of the head unremarkable per notes."
8. On 27 September 2007, Dr. Kimmel also released plaintiff to return to regular work as of 1 October 2007.
9. Dr. Elaine Hart-Brothers has treated plaintiff since 1994 as plaintiff's primary care physician. Dr. Hart-Brothers is certified in internal medicine and preventive medicine. A medical note from Dr. Hart-Brothers' practice dated 10 September 2007 reflects that plaintiff at that time was complaining of pain in the back of her head and neck.
10. On 2 January 2008 plaintiff was seen by Dr. Hart-Brothers. At this time plaintiff was complaining of back stiffness with radiating pain. The medical record from this visit reflects that these symptoms had unknown etiology. *Page 5 
11. Dr. Kimmel testified by deposition that the first she heard about plaintiff's low back and left leg pain was 29 October 2007. Dr. Kimmel further testified to a reasonable degree of medical certainty that plaintiff's shoulder, low back, and left leg problems were not related to the 4 September 2007 workplace injury.
12. Dr. Henry J. Adomonis testified by deposition that plaintiff never complained to him about problems with her shoulders, low back, or left leg.
13. Dr. Elaine Hart-Brothers testified by deposition that her first notes regarding plaintiff's back and left leg pain were from 30 October 2007. Although she indicated that such a relationship was possible, when specifically asked if plaintiff's back problems were related to the 4 September 2007 injury, Dr. Hart-Brothers was not able to give an opinion on cause and effect and stated, "[w]e don't have any certainty, no, in medicine particularly in musculoskeletal relationship like that."
14. The greater weight of the competent evidence shows that plaintiff's shoulder, low back, and left leg problems are not a direct and natural result of or causally related to the 4 September 2007 injury by accident to her head and neck.
15. Plaintiff has failed to meet her burden of proving that she not capable of working as a result of the 4 September 2007 injury, subsequent to 1 October 2007, the date plaintiff was released to return to work without restrictions and with no impairment rating by Dr. Kimmel.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission enters the following: *Page 6 
 CONCLUSIONS OF LAW
1. On 4 September 2007 plaintiff sustained a compensable injury by accident to her head and neck when a bulletin board fell and struck her on the head while she was working for defendant. N.C. Gen. Stat. § 97-2(6). Defendant accepted plaintiff's head and neck injury as compensable using a Form 60 dated 23 October 2007.Perez v. American Airlines,174 N.C. App. 128, 620 S.E.2d 288 (2005); Reinninger v. PrestigeFabricators, Inc., 136 N.C. App. 255, 523 S.E.2d 720 (1999);Parsons v. Pantry, Inc.,126 N.C. App. 540, 485 S.E.2d 867 (1997).
2. In controversy is the compensability of plaintiff's shoulder, low back, and/or left leg conditions. In the "description of injury" section on the Form 60 accepting the compensability of the head and neck injury, defendant only articulated an acceptance of the injury as far as "concussion with no loss of consciousness and cervical sprain/strain." Defendant has met its burden of rebutting the presumption of compensability. Perez v. AmericanAirlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005). Therefore, plaintiff has the burden to prove the compensability of her shoulder, low back, and left leg conditions. Id.
3. Medical testimony that relies on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v.Hickory Bus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000);Seay v. Wal-Mart Stores, Inc.,180 N.C. App. 432, 637 SE2d 299 (2006). Furthermore, to establish causation in cases such as this, the expert opinion must "meet the reasonable degree of medical certainty standard necessary to establish a causal link." Holly v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003). Because causation in this case involves "complicated medical questions far removed from the ordinary knowledge and experience of laymen," only an expert is qualified to provide competent opinion evidence on this issue.Peagler v. Tyson Foods, Inc.,138 N.C. App. 593, 532 S.E.2d 207 (2000) *Page 7 
(quoting Click v. Pilot Freight Carriers,300 N.C. 164, 265 S.E.2d 389 (1980)).
4. Given plaintiff's medical records and the medical testimony on the subject of the causation of plaintiff's shoulder, low back, and left leg conditions, the greater weight of the competent evidence shows that plaintiff's shoulder, low back, and/or left leg problems are not a direct and natural result of the 4 September 2007 injury to plaintiff's head and neck, or that the incident materially exacerbated or aggravated any preexisting shoulder, low back, and/or left leg problems. N.C. Gen. Stat. § 97-2(6); Holly v. ACTS,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003); Young v. HickoryBus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000);Hodgin v. Hodgin, 159 N.C. App. 635, 583 S.E.2d 362 (2003);Peagler v. Tyson Foods, Inc.,138 N.C. App. 593, 532 S.E.2d 207 (2000).
5. The Form 60 filed in this matter does not create a presumption of continuing disability. The burden of proving compensable disability remains with plaintiff. Sims v. Charmes/Arby's RoastBeef, 142 N.C. App. 154, 542 S.E.2d 277 (2001). Given all the evidence presented in this case, plaintiff has failed to meet her burden of proving compensable disability, as a result of the 4 September 2007 injury, subsequent to 1 October 2007, the date plaintiff was released to return to work without restrictions and with no impairment rating by Dr. Kimmel. N.C. Gen. Stat. § 97-2(9). Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001). In re: Harrington v.Adams-Robinson Enterprises,128 N.C. App. 496, 498, 495 S.E.2d 377, 379, rev'd on othergrounds, 349 N.C. 218, 504 S.E.2d 786 (1998); Russell v. LowesProd. Distribution, 108 N.C. App. 762, 441 S.E.2d 145 (1993).
6. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, plaintiff is entitled to have defendant provide all medical treatment for her head and neck conditions, incurred or to be incurred, necessitated by the 4 September 2007 injury. N.C. Gen. Stat. §§ 97-25; 97-25.1;Perez v. American Airlines,174 N.C. App. 128, 620 S.E.2d 288 (2005).
7. Given the foregoing, plaintiff's request for additional disability benefits must be denied. N.C. Gen. Stat. § 97-1, et seq.
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Subject to the limitations of N.C. Gen. Stat. § 97-25.1, defendant shall provide plaintiff all medical treatment for her head and neck conditions, incurred or to be *Page 8 
incurred, necessitated by the 4 September 2007 injury.
2. Plaintiff's request for additional disability benefits is DENIED.
3. Defendants shall pay the costs.
This the 30th day of March, 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 1