***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission MODIFIES the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
4. The carrier on the risk for defendant-employer in this claim was Liberty Mutual Insurance Company.
5. An employment relationship existed between plaintiff and defendant-employer on or about November 14, 2007.
6. Plaintiff alleges to have sustained an injury by accident on or about November 14, 2007.
7. Plaintiff filed a Form 33 Request for Hearing on October 24, 2008.
8. Defendants filed a Form 33R on December 12, 2008.
9. Plaintiff's average weekly wage is $420.01, yielding a compensation rate of $280.02.
10. The issues before the Full Commission on appeal are whether plaintiff sustained a compensable injury by accident on November 14, 2007 and if so, to what, if any, benefits is plaintiff entitled to recover under the North Carolina Workers' Compensation Act.
 *********** EXHIBITS
1. The parties stipulated the following documentary evidence: *Page 2 
 a. Stipulated Exhibit #1: Pretrial Agreement, marked as stipulated exhibit 1.
 b. Stipulated Exhibit #2: Plaintiff's medical records, Industrial Commission forms, and discovery responses, collectively paginated 1-116 and marked as stipulated exhibit 2.
2. A form entitled "Employment Questionnaire" from defendant-employer, filled out and signed by plaintiff and marked as defendants' exhibit 1.
3. A form entitled "New Employee Safety Orientation Training — Classroom" from defendant-employer, filled out and signed by plaintiff and marked as defendants' exhibit 2.
4. Plaintiff's responses to defendants' first set of interrogatories and request for production of documents, marked as defendants' exhibit 3.
5. Plaintiff's medical note from Carolinas Medical Center-Union Emergency Department dated November 14, 2007 and marked as defendants' exhibit 4.
6. Plaintiff's "Discharge Instructions" medical note from Carolinas Medical Center-Union Emergency Department dated November 14, 2007 and marked as defendants' exhibit 5.
7. An accident report document dated December 13, 2007, written by T.J. Cook, and signed by Don Epps, Terry Hensley, and Eric Davis, marked as defendants' exhibit 6.
 ***********
Based upon all of the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 47 years old at the time of the hearing before the Deputy Commissioner. Plaintiff completed the 11th
grade and did not obtain his GED. Vocationally, *Page 3 
plaintiff's work prior to employment with defendant-employer included car detailing, lumber stacking, working with bricks, and processing chickens for Tyson's.
2. Plaintiff began employment with defendant-employer on September 23, 2007 as a laborer. Plaintiff's tasks with defendant-employer included stump removal and driving a large, heavy roller machine that packed dirt.
3. On November 14, 2007, as plaintiff operated the roller on the jobsite, he drove the roller into the wheel of defendant-employer's fuel truck at a low speed, causing a minor impact. The fuel truck was being operated by Eric Davis. Plaintiff did not mention being injured to Mr. Davis at that time.
4. Plaintiff indicated at the hearing before the Deputy Commissioner that the steering mechanism on the roller locked and caused the collision.
5. Prior to November 14, 2007, plaintiff had a prior collision while operating the roller when he ran it into the rear of a truck used to haul dirt. As a result of this prior collision plaintiff received a warning from Terry Hensley, the project supervisor.
6. Mr. Hensley investigated the November 14, 2007 incident. Plaintiff did not tell Mr. Hensley he was injured in any way. Plaintiff told Mr. Hensley the gas pedal stuck on the roller. The roller, however, does not have a gas pedal. Mr. Hensley and Mr. Davis both operated the roller immediately subsequent to plaintiff's November 14, 2007 incident, at which time the roller functioned normally. Mr. Hensley called a mechanic to the scene who also inspected the roller and found no mechanical defects.
7. Mr. Hensley called Donald Epps, defendant-employer's grade foreman and plaintiff's direct supervisor, to the scene. After investigating the November 14, 2007 collision and taking into consideration the prior collision, Mr. Epps determined that plaintiff should be *Page 4 
terminated because he had two serious safety violations within three months, in violation of company policy. Mr. Epps drove plaintiff from the job site to the field office to complete the required termination paperwork. Plaintiff did not mention being injured to Mr. Epps at that time.
8. At the field office the project engineer, T.J. Cook, assisted plaintiff with completing his paperwork. Mr. Cook specifically asked plaintiff if he was injured, as safety was part of his administrative responsibilities. Plaintiff denied being injured. Plaintiff did not ask Mr. Cook to complete an incident report. Mr. Cook indicated plaintiff did not move or act as though he had been injured at that time.
9. Plaintiff went to the emergency department at CMC-Union on November 14, 2007 complaining of neck and back pain. The medical notes generated by this visit document that plaintiff gave a history that he "ran into a truck while operating a machine." Plaintiff underwent x-rays and was diagnosed with cervical sprain/strain and back sprain/strain and was prescribed Flexeril and Vicodin. Plaintiff was discharged without any work restrictions.
10. Plaintiff returned to CMC-Union on December 6, 2007, January 25, 2008, and February 2, 2008, continuing to complain of low back pain. No medications were prescribed or significant findings were made on December 6, 2007. The January 25, 2008 visit only indicated low back pain, but the record indicates that no acute injury was found and plaintiff was prescribed Toradol and Flexeril. During plaintiff's February 2, 2008, visit to the emergency room, the medical provider diagnosed plaintiff with kidney stones. No significant findings were made during these three visits, aside from the diagnosis of and treatment for kidney stones during the February 2, 2008 visit, which the Full Commission finds to be unrelated to the incident of November 14, 2007. *Page 5 
11. Plaintiff next sought medical treatment on April 17, 2008, when he saw Dr. Joseph Estwanik, an orthopedic surgeon, upon referral from his attorney. The medical note from this visit indicates that plaintiff gave Dr. Estwanik a history that plaintiff "fell off a roller" while at work on November 13, 2007. Dr. Estwanik reviewed plaintiff's medical history and performed a comprehensive examination of plaintiff's cervical spine, lumbar spine, left shoulder, and left foot and ankle. He obtained x-rays of plaintiff's left shoulder and lumbar spine, and the films were interpreted as normal. Prior x-ray reports of plaintiff's cervical spine and thoracic spine were reviewed and found to be normal. Dr. Estwanik recommended that plaintiff undergo an MRI to rule out any potential disc problems. Dr. Estwanik did not assign plaintiff any work restrictions.
12. Dr. Estwanik was unable to testify to any degree of medical certainty that plaintiff's conditions were related to the incident of November 14, 2007. Furthermore, Dr. Estwanik never wrote plaintiff out of work or approved work restrictions for plaintiff.
13. Plaintiff next sought medical attention on September 4, 2008, when he was referred by his attorney to Dr. Steven Schafer for a second opinion on his permanent partial impairment rating. According to the medical record generated by this visit, plaintiff told Dr. Schafer that he "was driving a roller on an asphalt job when apparently the brakes caught unevenly and threw him to one side wrenching his neck and low back." Dr. Shafer also noted that "[plaintiff] is considered to be a somewhat weak historian." Nevertheless, Dr. Shaffer assigned a 4% permanent partial disability rating to plaintiff's back.
14. Having considered the opinions of Dr. Estwanik and Dr. Schafer, taken with their expertise and relative treatment histories with plaintiff, the Full Commission gives greater weight to the testimony and expert opinions of Dr. Estwanik. *Page 6 
15. Although plaintiff was not a good historian, the Full Commission finds that the greater weight of the evidence, including testimony and medical evidence, shows that an injury by accident did occur at the workplace on November 14, 2007.
16. Considering the greater weight of the totality of the medical evidence and testimony, plaintiff's continuing back problems after January 25, 2008, were not causally related to the incident of November 14, 2007. Plaintiff was never written out of work by his medical providers and was not disabled from employment at any time.
17. Plaintiff's employment with defendant-employer was terminated in accordance with established policies. An uninjured person in plaintiff's position would have been terminated for similar conduct.
18. Plaintiff filed a Form 18 Notice of Accident on January 15, 2008. Defendants filed no Form 19 Employer's Report and failed to admit, deny or pay without prejudice plaintiff's claim until a Form 61 Denial was filed October 22, 2008.
19. Defendants did not defend this action without reasonable grounds.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to his back as a result of an accident arising out of and in the course of his employment with defendant-employer which occurred on November 14, 2007. N.C. Gen. Stat. § 97-2 (6).
2. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing *Page 7 
these elements. Whitfield v. Lab Corp. of Amer.,158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003); Harvey v.Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 683, 195 S.E.2d 141, 143, cert. denied283 N.C. 585, 197 S.E.2d 873 (1973). Because causation in this case involves "complicated medical questions far removed from the ordinary knowledge and experience of laymen," only an expert is qualified to provide competent opinion evidence on this issue.Peagler v. Tyson Foods, Inc.,138 N.C. App. 593, 532 S.E.2d 207 (2000) (quoting Click v. PilotFreight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980)).
3. Medical testimony that relies on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v.Hickory Bus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000);Seay v. Wal-Mart Stores, Inc.,180 N.C. App. 432, 637 SE2d 299 (2006). Furthermore, to establish causation in cases such as this, the expert testimony must "meet the reasonable degree of medical certainty standard necessary to establish a causal link." Holly v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003).
4. Given the equivocal medical testimony, plaintiff has produced insufficient evidence to prove that his back problems after January 25, 2008 are a direct and natural result of any incident that took place on or about November 14, 2007, or that any incident that took place on or about November 14, 2007 materially exacerbated or aggravated a preexisting condition. N.C. Gen. Stat. § 97-2(6); Holly v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003); Young v. Hickory Bus.Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000);Hodgin v. Hodgin, 159 N.C. App. 635, 583 S.E.2d 362 (2003);Peagler v. Tyson Foods, Inc.,138 N.C. App. 593, 532 S.E.2d 207 (2000). *Page 8 
Therefore, plaintiff is not entitled to payment by defendants for medical treatment received after January 25, 2008.
5. Plaintiff was terminated for reasons unrelated to his workplace incident, for which any other employee would have been terminated.Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E.2d 587 (1996).
6. Plaintiff has the burden of proving disability, and plaintiff must prove both the existence and the extent of disability. Disability is defined by the Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment." N.C. Gen. Stat. § 97-2(9). In this case plaintiff failed to meet his burden of proving the existence and extent of disability and therefore is not entitled to payment by defendants of temporary total disability compensation. N.C. Gen. Stat. § 97-2(9);Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E. 2d 682 (1982); Hall v. Chevrolet Co.,263 N.C. 569, 575, 139 S.E. 2d 857, 861 (1965); Sims v.Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001).
7. Defendants did not defend this matter in an unreasonable manner or without reasonable grounds and, therefore, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. Sparks v. Mountain BreezeRestaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
8. Defendants did not timely file a response to plaintiff's Form 18, in violation of N.C. Gen. Stat. § 97-18(j) and are therefore subject to the imposition of reasonable sanctions.Id.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 9 
 AWARD
1. Defendants shall pay for, or reimburse those who paid for, plaintiff's medical expenses incurred as a result of plaintiff's injury by accident of November 14, 2007, limited to plaintiff's emergency room visits on November 14, 2007, December 6, 2007 and January 25, 2008. Plaintiff's counsel shall assist plaintiff in compiling the bills and submitting payments to the medical providers. Medical payments are limited to those listed herein. N.C. Gen. Stat. § 97-25.
2. As a sanction for not timely filing their Form 61, defendants shall pay, within 30 days of the filing of this Opinion and Award, $200.00 by check payable to the North Carolina Industrial Commission and forwarded to the attention of "Carolyn Wall/Accounts Receivable" at the Industrial Commission address. To ensure proper crediting, the IC File number for this matter should be noted on the check.
3. Defendants shall pay the costs due the Commission.
This 27th day of May 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1