***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS with minor modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** ISSUE TO BE DETERMINED
1. Whether as the result of her employment with defendant-employer, plaintiff developed a compensable occupational disease?
 *********** *Page 2 EVIDENTIARY MATTERS
Before the Full Commission, plaintiff moved to have additional evidence admitted into the record. Because insufficient grounds have been shown in support of plaintiff's Motion, it is HEREBY DENIED.
 *********** EXHIBITS
The following exhibits have been admitted into the record:
 a. Industrial Commission Forms and Filings, which were admitted into the record and marked as Stipulated Exhibit (1);
 b. Defendants' Discovery Responses, which were admitted into the record and marked as Stipulated Exhibit (2);
 c. Plaintiff's Medical Records, which were admitted into the record and marked as Stipulated Exhibit (3);
 d. An Industrial Commission Form 22 Wage Chart, which was admitted into the record and marked as Stipulated Exhibit (4);
 e. Plaintiff's Discovery Responses, which were admitted into the record and marked as Stipulated Exhibit (5);
 f. Plaintiff's Resume, which was admitted into the record and marked as Plaintiff's Exhibit (1);
 g. An Audiotape, which was admitted into the record and marked as Plaintiff's Exhibit (2);
 h. An Audiotape, which was admitted into the record and marked as Plaintiff's Exhibit (3) and; *Page 3 
 i. An Incident report dated 19 January 2010, which was admitted into the record and marked as Defendants' Exhibit (1).
 ***********
The undersigned finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between Defendant-Employer and Plaintiff.
3. Liberty Mutual Insurance Company is the carrier on the risk in this claim.
 ***********
Based upon the foregoing Stipulations and the preponderance of the evidence in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Full Commission, plaintiff was fifty-four (54) years of age, with her date of birth being 17 October 1956.
2. Overall, plaintiff worked for defendant-employer for approximately thirty-five (35) years. Plaintiff began working at defendant-employer's Rocky Mount, North Carolina center in 2006.
3. Plaintiff's medical history indicates she had mental health issues pre-dating her employment at defendant-employer's Rocky Mount center. Plaintiff was first diagnosed as having bipolar disorder in 1990, but she discontinued treatment for that condition in the early 1990s. Around that same time, plaintiff was institutionalized at a mental health facility and *Page 4 
received Haldol injections.
4. Additionally, the medical evidence of record reflects that plaintiff suffered from panic attacks prior to the commencement of her work at the Rocky Mount center.
5. Plaintiff worked at defendant-employer's Rocky Mount center as a package handler, a small sorts bagger and as a health and safety auditor.
6. As a package handler and small sorts bagger, plaintiff's job duties included loading tractor trailers, sorting small packages, and placing air packages on an air belt. As a health and safety auditor, plaintiff's job duties including gathering suggestions from other employees regarding how work areas could be improved from a safety standpoint.
7. In this claim, plaintiff alleges that she developed emotional stress during the period of her employment at defendant-employer's Rocky Mount center.
8. Specifically, plaintiff described six situations that arose during her time working for defendant-employer at its Rocky Mount center that she alleged caused or contributed to her alleged emotional stress condition.
9. First, plaintiff alleged that after she complained to her supervisors of her belief that her ear had been damaged due to co-workers revving engines near her work area, her supervisors did not adequately follow up on her complaint. Plaintiff further alleged that one of her supervisors told her with regard to her complaint, "Just remember, the nail that stands up gets hammered." Plaintiff later filed a workers' compensation claim for her alleged ear injury but took a voluntary dismissal without prejudice of such claim (I.C. No. W87625).
10. Second, plaintiff alleged that she was harassed by Parley Potter, defendant-employer's manager of the Rocky Mount facility, about the number of bathroom breaks she took.
11. Third, plaintiff alleged that she was unfairly treated with regard to taking time off *Page 5 
for her father's funeral in March 2007. Regarding this, plaintiff testified that she was called a liar and was not permitted to take time off to attend the funeral as scheduled, and that as a result, her family allegedly had to delay the funeral for two weeks so she could attend.
12. Fourth, plaintiff alleged that she was exposed to stress due to the manner in which management at the Rocky Mount facility reacted to her use of the term "prayer exercise" to describe one of the exercises she utilized when leading stretching exercises for employees on her shift. Plaintiff testified that one of the exercises was called the "prayer exercise" because of the physical position of the hands during the exercise, and she further testified that a supervisor, Jody Coley, took her aside and told her to stop using the term "prayer exercise." Plaintiff further testified that, the following week, Coley gathered the employees for a meeting and asked that they "pray" for a co-worker whose mother had died. Plaintiff testified that this incident also brought back unpleasant memories of how defendant-employer had reacted to her needing time off for her father's funeral.
13. Fifth, plaintiff, who is Caucasian, alleged that she was discriminated against, intimidated and called offensive names by her African-American co-workers. Plaintiff further alleged that she reported several such incidents to management, but that her concerns were not properly addressed by management.
14. Finally, plaintiff alleged that she was mistreated with regard to her request for vacation time in March 2010. Plaintiff testified that she told her supervisor that she had been offered a free long-weekend at a time share, but that she had been denied vacation leave.
15. When asked specifically whether she believed it was her job duties themselves or specific individuals who also worked for defendant-employer that caused her alleged emotional stress condition, plaintiff answered, "I do not think it was my job duties. No. I think it was *Page 6 
specifically how they treated me."
16. The issues plaintiff described amounted to interpersonal conflicts with co-workers and did not arise from the job duties she performed for defendant-employer at its Rocky Mount facility or elsewhere.
17. On or around 9 March 2010, plaintiff went to Florida. Regarding this, plaintiff alleged that a physician had medically excused her from work and had written an out-of-work note that had been faxed to defendant-employer. Plaintiff also testified that regarding this, she contacted her supervisors to inform them she would be out-of-work and to request sick leave.
18. Defendant-employer terminated plaintiff on 18 March 2010 for having failed to report to work or call in the previous three days.
19. Defendant-employer's witnesses disagreed with plaintiff's assessment of the circumstances surrounding her termination.
20. The Full Commission gives far greater weight to the testimony of defendants' witnesses as opposed to that of plaintiff regarding the circumstances of her termination.
21. Plaintiff has failed to prove that she was engaged in a particular trade or occupation that placed her at a risk, greater than that to which the general public is exposed, of contracting an emotional stress condition. Additionally, plaintiff has failed to prove that her employment with defendant-employer caused or significantly contributed to the development of any stress related or psychological condition she may have. Instead, the evidence of record shows that it was interpersonal conflicts, similar to those that might be found in any type of employment or life in general, that plaintiff alleges caused her alleged emotional stress condition.
 *********** *Page 7 
Based upon the foregoing Stipulations and Findings of Fact, and the preponderance of the evidence in view of the entire record, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. While a mental health condition may qualify as a compensable occupational disease under some circumstances, the burden is on the claimant to establish that such condition was caused by stresses or conditions that are different from or greater than those to which the general public is exposed. Pitillo v. N.C. Dept. of Envmtl.Health Natural Res., 151 N.C. App. 641 (2002).
2. North Carolina law requires that where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury. Peagler v. Tyson Foods,Inc., 138 N.C. App. 593, 532 S.E.2d 207 (2000) (quotingClick v. Pilot Freight Carriers,300 N.C. 164, 265 S.E.2d 389 (1980)). Additionally, "the entirety of causation evidence" must "meet the reasonable degree of medical certainty standard necessary to establish a causal link."Holley v. ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003);Young v. Hickory Bus. Furn.,353 N.C. 227, 538 S.E.2d 912 (2000). Medical testimony that relies on speculation and conjecture, or unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of the injury. Young v. HickoryBus. Furn., 353 N.C. 277, 538 S.E.2d 912 (2000); Seay v.Wal-Mart Stores, Inc., 180 N.C. App. 432, 637 SE2d 299 (2006).
3. Plaintiff has not shown that she was engaged in a particular trade or occupation that placed her at a risk, greater than that to which the general public is exposed, of contracting an emotional stress condition. N.C. Gen. Stat. § 97-53; Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, *Page 8 265 S.E. 2d 389 (1980); Holley v. ACTS, Inc.,357 N.C. 228, 581 S.E.2d 750 (2003); Young v. HickoryBus. Furn., 353 N.C. 227, 538 S.E.2d 912 (2000). Additionally, plaintiff has failed to prove that her employment with defendant-employer caused or significantly contributed to the development of any stress related or psychological condition she may have. Id. As such, plaintiff is not entitled to any compensation in this claim. Woody v. Thomasville UpholsteryInc., 146 N.C. App. 187 (2001) (Martin, J., dissenting in part),rev'd 355 N.C. 483 (2002) (adopting dissent by Martin, J.).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 ORDER
1. Under the law plaintiff's claim must be, and is hereby DENIED.
2. Each side shall bear its own costs.
This the __ day of August 2011.
 S/___________________ TAMARA R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ LINDA CHEATHAM COMMISSIONER *Page 9 
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1